## No. 26627

**North Glenn Suburban Company, a Colorado corporation v. The District Court of the Second Judicial District in and for the City and County of Denver, State of Colorado, and the Honorable John Brooks, Jr., District Court Judge in and for the City and County of Denver, and Denver-Boulder Bus Company, Colorado Motorway, Inc., Denver-Colorado Springs-Pueblo Motorway, Continental Bus Systems, Inc., Continental Bus Systems, Inc. (Rocky Mountain Division), Continental Central Lines, Continental American Lines, and Denver-Salt Lake-Pacific Stages, Inc., and The Public Utilities Commission of the State of Colorado**

(532 P.2d 332)

Decided February 18, 1975. Rehearing denied March 17, 1975.

Jules Ornstein, for petitioner.

John P. Moore, Attorney General, John E. Bush, Deputy, James K. Tarpey, Assistant, Eugene C. Cavaliere, Assistant, Holland & Hart, David Butler, Wiley E. Mayne, Jr., for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding by North Glenn Suburban Company, hereinafter referred to as North Glenn, for a writ of prohibition seeking to set aside the judgment of the respondent district court as void for lack of jurisdiction. We issued a rule to show cause why relief should not be granted. We now discharge the rule.

## I.

In 1972, the Public Utilities Commission ("the Commission"), after contested hearings, extended the commuter passenger authority of North Glenn to include charter service. The Denver-Boulder Bus Company and others, hereinafter protestants, appeared and objected on the ground that no public convenience and necessity for the authority was proved. Rehearing at the Commission level was denied. Pursuant to 1969 Perm. Supp., C.R.S. 1963, 115-6-14(4),[1] protestants sought review in the Denver district court. There the Commission was reversed. Counsel for Denver-Boulder and for the Commission (in support of North Glenn) were present in court. Counsel for North Glenn was not.

---

[1] Now section 40-6-101, *et seq.*, C.R.S. 1973.

We note at the outset that North Glenn as an indispensable party was named as such in the certiorari review proceedings. North Glenn alleges that it was entitled to service of process on its statutory agent for such service, which it never received. Therefore, allegedly the district court never had jurisdiction to deprive North Glenn of its valuable property-right — the charter authority.

Respondents counter that service of process by mail upon North Glenn's attorney of record was sufficient notice of the court action under C.R.C.P. 5(b). North Glenn merely chose not to appear and must suffer the consequences.

## II.

■ The sole issue for our consideration is whether, in review by certiorari proceedings in the district court of a Commission decision, an indispensable party must receive personal service of process through its registered agent for service or whether service by mail upon the attorney of record in the administrative hearing below is sufficient.

North Glenn alleges that its attorney at the administrative level did not necessarily carry over to the court action. If that were the case, North Glenn would be without counsel, and service of process under C.R.C.P. 5(b) would be impossible.

Under the facts of this case, however, we find that allegation to be without merit. Shown in the Commission records is a notice that applicant's representative, to whom all inquiries should be made, was the attorney who represented them at the Commission level.

■ After termination of the Commission proceedings, North Glenn continued to receive letters of advice from that attorney, which not only describe the ongoing review proceeding but also advised North Glenn of the position it should take. The letters contain language which meaningfully conveys an apparent ongoing attorney-client relationship. The attorney never indicated he had withdrawn and moreover North Glenn did not by word or deed intimate to respondents or the Commission that it had changed attorneys. The first time the record disclosed any change of counsel was when a different attorney instituted these original proceedings.

If North Glenn is entitled to notice of all proceedings, surely the opposite counsel are entitled to fair notice on whom to serve with

process. Under these circumstances we hold that the attorney-client relationship between North Glenn and counsel continued through at least the court action subsequent to the administrative hearing.

 With the case in that posture, the type of service required follows *pro forma*. After an application for rehearing is denied by the Commission, a petition in the nature of certiorari for review of the Commission's action may be brought in a Colorado district court. Sections 115-6-14(4) and 115-6-15(1). Although in our modern form of pleading the common law name of the writ of certiorari has been abolished, the nature of the writ remains. Contrary to what North Glenn contends, certiorari is not a new action. It is a directive to the inferior tribunal to certify up to an appellate level a copy of the record for review. Under Colorado law, certiorari is the continuing of a prior action, a form of appellate review. *Dreiling Motor v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970).

The Public Utilities Commission statute mandates that each party to the administrative hearing shall be allowed to appear before the district court during the review proceedings. Further, unless in contravention of other parts of the statute, the Colorado Rules of Civil Procedure shall govern the district court action. Section 115-6-15(1) and (4).

C.R.C.P. 106(a)(4) provides *inter alia* that when an inferior tribunal, whether court or commission, has exceeded its jurisdiction or abused its discretion the district court may provide relief by appropriate action. Rule 106(b) provides *inter alia* that where, as here, a statute provides for such review by certiorari, relief may be had under the Rule.

Rule 106, on its face, does not provide for any particular type of service of process on the litigants participating in the certiorari review. The writ was issued only to the Commission, commanding it to certify its records to the court within 30 days. Therefore, the other applicable sections of the Rules of Civil Procedure apply.

C.R.C.P. 5(b) provides that in a proceeding once started, other required papers *must be served* on the attorney of record. In addition to the original petition for certiorari, all notices for setting of the case by the court for hearing and notice of the actual date of

the court hearing on review were served on the attorney. In this situation, service on the attorney of record satisfies the requirement of due process inherent in sections 115-6-14(4), 115-6-15(1) and 115-6-15(4). It appears that he took a calculated risk, and advised his client that service on him was improper and that they would not have to appear.

### III.

It may be argued that *Dreiling Motor, supra,* draws a distinction between certiorari by the Supreme Court under the Colorado appellate rules and the limited ancillary certiorari provided for in Rule 106. However where, as here, certiorari is specifically provided for by statute and the Rules of Civil Procedure, we find that to be a distinction without a difference. This conclusion is buttressed by section 40-6-115, C.R.S. 1973 which provides *inter alia* that review by a district court of any Public Utilities Commission action shall be the same as in the Colorado appellate rules.

The rule is discharged.

MR. JUSTICE KELLEY does not participate.

