577 P.2d 776 (1978)
Dwaine R. RICHTER, Vickers Petroleum Corporation, a Kansas Corporation, Dean Goodman, X. L. Bar Ranches, a limited partnership by X. L. Bar Ranches, Inc., a Colorado Corporation, general partner, RPR Brothers, Ltd., a Colorado Corporation, Investors VI, a partnership, John H. Bauer and Edith L. Bauer, Leslie G. Taylor, Audrey B. Mitchem, Progress Place Partnership, a limited partnership by Frank H. Gower, Jr., Miles Lantz, R. J. Kemper, E. U. Crowe, Elmer L. Tintera, and Jim Menzel, Plaintiffs-Appellants,
v.
CITY OF GREENWOOD VILLAGE, a Municipal Corporation and the City Council of the City of Greenwood Village, Defendants-Appellees.
No. 77-010.
Colorado Court of Appeals, Division I.
January 5, 1978.
Rehearing Denied February 23, 1978.
Certiorari Denied April 24, 1978.
Maurice F. Fox, Wheatridge, for plaintiffs-appellants.
Banta & Eason, P. C., R. Val Hoyt, Stephen G. Everall, Englewood, for defendants-appellees.
BERMAN, Judge.
Plaintiffs appeal from the judgment of the trial court granting defendant City of Greenwood Village's motion for summary judgment on plaintiffs' pleadings. Those pleadings challenge by way of certiorari review, C.R.C.P. 106(a)(4), the validity of an *777 annexation proceeding instituted by the City. We affirm.

I.
Preliminarily, we agree with the trial court that, with the exception of Jim Menzel, the plaintiffs do not have standing to challenge the validity of the annexation proceedings at issue. The evidence was uncontroverted that by virtue of certain previous litigation, the properties of all other plaintiffs were excluded from the area subject to the annexation proceedings, and accordingly, they cannot now complain of the proposed annexation of property owned by others. Section 31-12-116(1)(a), C.R.S.1973 (1975 Cum.Supp.); Snyder v. City Council, 35 Colo.App. 32, 531 P.2d 643 (1974).

II.
The trial court dismissed Menzel's action on the basis that (1) in the original complaint, the land allegedly owned by the plaintiffs, including Menzel, and described in an accompanying Exhibit "A," was not, in fact, within the territory then sought to be annexed by the City; and (2) that the second amended complaint, alleging for the first time that Menzel owned property "outside the land described in Exhibit `A,' but within the lands purportedly annexed by [the City]," was filed outside the 45-day time limitation of § 31-12-116(2), C.R.S.1973 (1975 Cum.Supp.), for certiorari review of a municipal annexation proceeding.
In urging that the trial court erred, Menzel first avers that the original complaint, viewed in the light most favorable to him, does contain sufficient allegations of his ownership of land other than that described in Exhibit "A" such that a valid claim for relief was stated. We disagree.
We recognize that, in considering a motion for summary judgment, doubts must be resolved against the moving party. Hatfield v. Barnes, 115 Colo. 30, 168 P.2d 552 (1946). Nevertheless, we perceive no error in the trial court's failure to engage in the constructional gymnastics now proposed by Menzel so as to construe his original complaint as a valid one. In particular, we conclude that the original complaint is unambiguous and that its allegations of land ownership by the plaintiffs are confined to the lands described in the accompanying Exhibit "A."
Menzel contends alternatively that, even if the original complaint is defective, the second amended complaint containing the requisite allegations relates back by virtue of C.R.C.P. 15(c) to the date of the timely filing of the original complaint. Again, we disagree.
Section 31-12-116(2), C.R.S.1973 (1975 Cum.Supp.), provides:
"All such actions to review [by certiorari] the findings and the decision of the . . . [annexing] body shall be brought within forty-five days after the effective date of the ordinance, and, if such action is not brought within such time, such action shall forever be barred."
In Fort Collins-Loveland Water District v. Fort Collins, 174 Colo. 79, 482 P.2d 986 (1971), the Colorado Supreme Court considered the effect of an almost identical predecessor of that provision, 1965 Perm.Supp., C.R.S.1963, 139-21-15. The court ruled:
"The forty-five day provision is not a true statute of limitations. The time limitation is jurisdictional; unlike other statutes of limitations, as a matter of public policy, it cannot be tolled or waived."
Accord, Val d'Gore, Inc. v. Town Council of the Town of Vail, Colo., 566 P.2d 343 (1977).
More recent expressions of that court have insisted that a petition for certiorari review "must be perfectedas well as commencedwithin the time period established," City and County of Denver v. District Court, Colo., 540 P.2d 1088 (1975), and that the failure of plaintiffs to perfect such a petition in a timely manner constitutes a fatal defect which requires that the complaint be dismissed. E. g., Westlund v. Carter, Colo., 565 P.2d 920 (1977); Hidden Lake Development Co. v. District Court, 183 Colo. 168, 515 P.2d 632 (1973).
The rule and rationale of such decisions apply with equal force and effect here. In Hidden Lake, for example, the court ruled that the original complaint which failed to join certain indispensable parties was defective, *778 and that the amended complaint which was filed after the expiration of the statutory period for certiorari review could not confer jurisdiction upon the trial court. We see no significant difference between the defect which invalidated the plaintiffs' original complaint in Hidden Lake and that which invalidates the complaint in the instant case. Invoking the relation-back doctrine of C.R.C.P. 15(c) to rescue any such certiorari complaint which fails to state a claim for relief would undermine the important public policies of expediting resolution of challenges to zoning and annexation proceedings and of removing municipal planning and individual properties from "a cloud of uncertainty." See Snyder v. City of Lakewood, Colo., 542 P.2d 371 (1975).
Accordingly, we hold that when the original complaint in a C.R.C.P. 106(a)(4) proceeding fails to state a claim for relief, C.R.C.P. 15(c) has no application to the proceedings or to any further pleadings which may be filed. See Lorenz v. City of Littleton, Colo.App., 550 P.2d 884 (1976). The plaintiffs' amended complaint was therefore properly dismissed as untimely.
Judgment affirmed.
COYTE and KELLY, JJ., concur.