Daniel L. FRASER, Plaintiff–Appellant,

v.

The COLORADO BOARD OF PAROLE, Rodney Cozzetto and Robert Pastore, Members, Colorado State Parole Board, Defendants–Appellees.

No. 95CA2184.

Colorado Court of Appeals,
Div. V.

Dec. 12, 1996.

Daniel L. Fraser, Pro Se.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul S. Sanzo, First Assistant Attorney General, Denver, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

In this C.R.C.P. 106(a)(4) action, plaintiff, Daniel Lewis Fraser, an inmate in a state correctional facility, appeals from the district court judgment dismissing his complaint challenging the denial of his application for parole by defendants, the Colorado Board of Parole and two of its members, Rodney Cozzetto and Robert Pastore (collectively the Parole Board), for lack of subject matter jurisdiction. Plaintiff also appeals from the related judgment entered against him awarding defendants $500 in attorney fees as a sanction for filing a frivolous complaint. We affirm in part, reverse in part, and remand for further proceedings.

The record reveals the following pertinent facts. In September 1995, plaintiff filed a *pro se* complaint pursuant to C.R.C.P. 106(a)(4) seeking judicial review of the Parole Board's action in denying his application for parole the previous month. Specifically, alleging that the Parole Board had violated certain of the applicable statutory guidelines for parole by refusing to consider certain information, plaintiff asserted that the Parole Board had exceeded its jurisdiction and abused its discretion in conducting the parole proceedings and had not "properly considered" his parole application.

Defendants filed a motion to dismiss the complaint, contending that the district court lacked subject matter jurisdiction on two separate grounds. In particular, defendants asserted that the Parole Board's "decision and rationale for denying parole [are] not subject to judicial review," and further asserted that plaintiff's complaint seeking such review was not timely filed. Defendants also sought an award of reasonable attorney fees against plaintiff for work in defending against this action, asserting that plaintiff's complaint was frivolous and submitting an affidavit in support of an award of $500 for such fees.

The district court thereafter dismissed this action because of "the absence of subject matter jurisdiction." The court further found the complaint to be "frivolous and lacking in substantial justification," and that defendants were therefore entitled to an award of reasonable attorney fees and costs.

Accordingly, the court entered judgment against plaintiff and in favor of defendants in the amount of $500 for such attorney fees and costs. *See* § 13–17.5–106(1), C.R.S. (1996 Cum.Supp.). The court also entered judgment against plaintiff and in favor of the court in the amount of $91 to recover the filing fee plaintiff would have incurred but for an earlier order granting his motion to proceed *in forma pauperis* (IFP) in this matter. *See* § 13–17.5–106(2), C.R.S. (1996 Cum.Supp.). Finally, the court also ordered that these judgments constituted a continuing writ of garnishment against plaintiff's inmate account, pursuant to the provisions of § 13–17.5–106(3), C.R.S. (1996 Cum.Supp.). This appeal followed.

## I. Relation Back of *In Forma Pauperis* Motion

Plaintiff argues that his complaint was timely filed. He contends that he tendered his C.R.C.P. 106 complaint on or before September 15, well within 30 days of the Parole Board's August 23, 1995, decision. At the same time, he tendered an IFP motion filed pursuant to § 13–16–103, C.R.S. (1987 Repl. Vol. 6A). The record reveals that the Parole Board does not dispute that plaintiff's complaint was originally tendered in a timely manner. Rather, it asserts that because plaintiff's IFP motion was denied, his complaint was not properly filed until he resubmitted it with a new IFP motion on September 28, 1995, at which time his complaint was untimely. We agree with plaintiff.

■ C.R.C.P. 106(b) requires that a complaint seeking C.R.C.P. 106(a)(4) review must be filed within 30 days of the final decision by the government entity. *Board of County Commissioners v. Sundheim,* 926 P.2d 545 (Colo.1996). The deadline contained in C.R.C.P. 106(b) occurs 30 days from the date the decision is made, not the date the decision is received by the inmate. *Crawford v. State,* 895 P.2d 1156 (Colo.App.1995).

■ A complaint filed by an inmate is considered to be filed when it is received by the clerk of the district court, not when it is mailed or when it is given to a correctional officer by the inmate. *Talley v. Diesslin,* 908 P.2d 1173 (Colo.App.1995).

■ A complaint must be dismissed if it is not filed within 30 days after final action by the agency. *Danielson v. Zoning Board of Adjustment,* 807 P.2d 541 (Colo.1990). The 30–day requirement contained in C.R.C.P. 106(b) is jurisdictional and cannot be tolled or waived. *Slaughter v. County Court,* 712 P.2d 1105 (Colo.App.1985).

For the reasons discussed below, we construe that part of plaintiff's complaint alleging an abuse of discretion by the Parole Board as filed under C.R.C.P. 106(a)(4) and subject to the 30–day filing rule. However, to the extent plaintiff alleges that the Parole Board failed to exercise its statutory duties, we treat it as an action in the nature of mandamus under C.R.C.P. 106(a)(2), and the 30–day filing rule does not apply. *See Julesburg School District v. Ebke,* 193 Colo. 40, 562 P.2d 419 (1977) (under prior version of Rule 106, 30–day time restrictions in rule dealing with certiorari and other writs did not apply to writs in the nature of mandamus).

Here, plaintiff attached to his reply brief a copy of his originally tendered IFP motion which bears a notation as follows: "Denied. [Plaintiff] has failed to comply with C.R.S. § 13–17.5–101 et seq. (1995 Cum.Supp.). Judge Vigna 9–15–95."

The IFP motion was denied on the basis that plaintiff had failed to comply with statutes providing special additional procedures for inmates filing IFP proceedings. *See* § 13–17.5–101 to 13–17.5–108, C.R.S. (1996 Cum.Supp.).

These new statutes, effective July 1, 1995, were enacted by the General Assembly because of its view that "a significant number of inmates file substantially frivolous, groundless, or vexatious lawsuits," and, in part, "to provide for sanctions against inmates who are allowed to file claims against public defendants and whose claims are dismissed as frivolous." Section 13–17.5–101, C.R.S. (1996 Cum.Supp.).

As pertinent here, § 13–17.5–103, C.R.S. (1996 Cum.Supp.) provides that any inmate who files a motion to proceed as a poor person pursuant to § 13–16–103 in a state

civil action against a public defendant "shall attach to the motion copies of all inmate account records held by the detaining facility and copies of all transactions concerning the account made for the month in which the complaint is filed and eleven months before the state civil action is filed." If, based upon such inmate account records, the court determines that the inmate has or had sufficient funds to pay the cost of filing and service of process, the motion to proceed as a poor person must be denied.

■ As a general rule, we may only consider documents contained in the record. *Loomis v. Seely,* 677 P.2d 400 (Colo.App. 1983). However, an exception to this rule will apply in circumstances where, as here, a pleading is not actually considered as filed by the clerk of the trial court until either a docket fee has been paid or an IFP motion has been granted. In such circumstances, a complaint may be tendered along with an IFP motion, and if such motion is denied, then no case is ever considered to have been "filed." Thus, in order to permit meaningful appellate review, we may consider the order of the trial court denying plaintiff's original IFP motion. *See Martinez v. Atlas Bolt & Screw Co.,* 636 P.2d 1287 (Colo.App.1981) (when tendered jury instruction rejected by the trial court did not appear in record, fact that record did not accurately reflect proceedings at trial is of no significance when assertion admitted by opposing party).

■ Plaintiff further maintains that, once his initial IFP motion was denied, he resubmitted it with his inmate account record as required by § 13–17.5–103. Plaintiff's revised IFP motion was granted by the trial court on September 28, 1995. However, no order was issued indicating that the granting of the amended IFP motion would relate back to the date of the filing of the original IFP motion. In our view, this was error.

The relation-back doctrine has been employed in a number of contexts to allow an otherwise untimely pleading to be saved from the bar of the statute of limitations. Thus, C.R.C.P. 15(c) allows amendments to pleadings to relate back to the filing date of the original filing when, *inter alia,* the amendment arises out of the same transaction or

conduct set forth in the original complaint and the party misnamed or to be added must have received notice of the original lawsuit so that it is not prejudiced. *Dillingham v. Greeley Publishing Co.,* 661 P.2d 700 (Colo. App.1983). *See City of Thornton v. City of Fort Collins,* 830 P.2d 915 (Colo.1992) (notice is the essential requisite for relation back under C.R.C.P. 15(c)).

Similarly, a suit commenced before the statutory limitation period has expired inures to the benefit of an intervenor for a claim filed after the period's expiration, if the intervenor is not asserting an independent claim or if he or she has a community of interest with the original plaintiff. *Mountainwood Condominium Homeowners' Ass'n v. Cal–Colorado,* 765 P.2d 1066 (Colo.App.1988). *See also Mascitelli v. Giuliano & Sons Coal Co.,* 157 Colo. 240, 402 P.2d 192 (1965) (once a workers' compensation claimant properly files notice to reopen a claim within the statutory period, such reopening may be permitted even if the order allowing the reopening is entered after that period has run).

Although our appellate courts have not addressed the issue whether a later filed and granted IFP motion may relate back to the date of an originally filed and denied IFP motion, several federal courts have considered this issue. In *Jarrett v. US Sprint Communications Co.,* 22 F.3d 256 (10th Cir. 1994), the court held that upon the granting of an IFP motion, the formal filing relates back to the "lodging" or tendering of the complaint and original IFP motion. *Accord Gilardi v. Schroeder,* 833 F.2d 1226 (7th Cir. 1987); *Rodgers ex rel. Jones v. Bowen,* 790 F.2d 1550 (11th Cir.1986); *but see Robinson v. America's Best Contacts & Eyeglasses,* 876 F.2d 596 (7th Cir.1989).

The *Jarrett* court also held that, if an IFP motion is denied, a plaintiff should be permitted a reasonable grace period in which to pay a filing fee, during which time relation back is still available.

Although the court held that the relation-back doctrine did not apply to *Jarrett* because he had waited more than five months after the denial of his IFP motion to pay the filing fee, in contrast, plaintiff here promptly

submitted a correctly amended IFP motion, which was granted by the trial court.

Under these circumstances in which plaintiff acted promptly to submit his amended IFP motion, we hold that the granting of the amended motion should relate back to the filing of the original IFP motion on September 15, 1995. *See Jarrett v. US Sprint Communications, Co., supra; see also Moore v. Grossman,* 824 P.2d 7 (Colo.App.1991) (courts should reject the approach to pleading that it is a game of skill in which one misstep may be decisive to the outcome). Accordingly, we conclude that the trial court erred in dismissing plaintiff's complaint as untimely.

## II. Judicial Review of Parole Board's Decision

Plaintiff next asserts that the trial court erred in dismissing his complaint for lack of subject matter jurisdiction on the basis that the remedy of judicial review pursuant to C.R.C.P. 106(a)(4) was not available to challenge the Parole Board's denial of his application for parole. We agree in part with plaintiff that the court had jurisdiction to review the Parole Board's ruling, but nevertheless conclude that dismissal was appropriate.

■ To the extent plaintiff alleged that the Parole Board's decision was an abuse of discretion, the district court properly found subject matter jurisdiction lacking, because the district court may not review a discretionary decision by the Parole Board relative to the grant or denial of parole. *White v. People,* 866 P.2d 1371 (Colo.1994).

However, mandamus relief pursuant to C.R.C.P. 106(a)(2) is available to challenge the Parole Board's actions if it has failed to exercise its statutory duties. *See White v. People, supra; In re Question Concerning State Judicial Review of Parole Denial,* 199 Colo. 463, 610 P.2d 1340 (1980).

■ Here, in his complaint, plaintiff asserted that the Parole Board erred because it was obligated under §§ 17–22.5–404(2)(a) and 17–22.5–404(4)(a), C.R.S. (1996 Cum.Supp.) to consider evidence relating to the period before his incarceration.

Hence, although plaintiff did not expressly seek mandamus relief pursuant to C.R.C.P. 106(a)(2), the gravamen of his complaint is that the Parole Board's failure to consider any events or circumstances prior to plaintiff's incarceration was in direct violation of statutory guidelines for parole.

Accordingly, we conclude that the trial court indeed had jurisdiction to address the merits of the complaint.

## III. Challenge to Parole Board's Decision

■ Because the issue would arise on remand, we address plaintiff's contention that the Parole Board erred under § 17–22.5–404(2)(a) and § 17–22.5–404(4)(a), C.R.S. (1996 Cum.Supp.) in not considering plaintiff's activities prior to his incarceration. We are not persuaded.

Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. To discern legislative intent, we must look to the language of the statute, and words and phrases must be given effect according to their plain and ordinary meaning. *Goebel v. Colorado Department of Institutions,* 764 P.2d 785 (Colo. 1988).

In pertinent part, § 17–22.5–404(2)(a) states as follows:

In considering offenders for parole, the Board shall consider, but need not be limited to, the following factors:

. . . .

(VII) Whether the offender has diligently attempted but has been unable to obtain employment that provides the offender sufficient income, whether the offender has an employment disability, or whether the defendant's age prevents him or her from obtaining employment;

(VIII) The offender's demonstration of good faith efforts to remain within prescribed geographical boundaries and notify the court or the parole officers of any change in the offender's address or employment. . . .

When read in context with other provisions of this statute, which require the Parole

Board to consider the offender's demonstration of good faith efforts to become employed, to go to school, or to participate in community service work, we conclude that the intent of the General Assembly was for the Parole Board to consider the parole applicant's behavior after his or her incarceration.

Section 17–22.5–404(4)(a) states in pertinent part as follows:

The Board shall consider the following extraordinary mitigating circumstances when determining the conditions for parole and length of parole supervision which show that an offender has a low risk of recidivism or a low risk of violence;

. . . .

(V) The offender has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time prior to the commission of the offense.

While it is true that the quoted subsection refers to the offender's activities prior to incarceration, the statute by its terms applies only to circumstances to be used when determining the conditions for parole and length of parole supervision, not to determining whether an offender is eligible for parole.

Thus, we reject plaintiff's interpretation of these statutes and conclude that the Parole Board was not required to consider plaintiff's circumstances prior to his incarceration. Further, since this issue is dispositive of defendant's substantive challenge to the denial of parole, we conclude that the trial court's dismissal of the complaint was correct, albeit for the wrong reasons. *See Cole v. Hotz*, 758 P.2d 679 (Colo.App.1987).

## IV. Attorney Fees

Finally, plaintiff asserts that the trial court erred in entering judgment in favor of the Parole Board for attorney fees and costs and in entering judgment in favor of the court to recover the filing fee plaintiff would have incurred had he not been allowed to proceed *in forma pauperis*. We agree.

Because we have concluded that the trial court erred in determining that plaintiff's filing of the complaint was untimely and that the court did have jurisdiction to address the merits of the complaint, the award of fees and costs entered against plaintiff pursuant to § 13–17.5–106, C.R.S. (1996 Cum.Supp.) cannot stand. This leaves for resolution by the trial court, in the exercise of its discretion, the Parole Board's contention that plaintiff's statutory interpretation argument is frivolous.

In the event that such attorney fees and costs are awarded on remand, the trial court must make the findings required by §§ 13–17–102(6) and 13–17–103(1), C.R.S. (1987 Repl.Vol. 6A).

The judgment of the trial court dismissing plaintiff's complaint is affirmed. The judgment awarding attorney and filing fees and costs is reversed and the cause is remanded for further proceedings consistent with this opinion.

MARQUEZ and RULAND, JJ., concur.