2015 COA 50

**Jeff AUXIER, Plaintiff–Appellant,**

**v.**

**Dara MCDONALD, in her capacity as Administrator for the City of Salida; Planning Commission, City of Salida; City Council, City of Salida; and City of Salida, Colorado, Defendants–Appellees.**

**Court of Appeals No. 14CA0696**

Colorado Court of Appeals, Div. VII.

Announced April 23, 2015

Rehearing Denied May 14, 2015

---

Jeff Auxier, Pro Se.

Karp Neu Hanlon, P.C., Karl J. Hanlon, Jeffrey J. Conklin, Glenwood Springs, Colorado, for Defendants–Appellees.

Opinion by JUDGE NAVARRO

¶ 1 In this case, we consider whether C.R.C.P. 106(b) permits a party to bring a claim under C.R.C.P. 106(a)(4) after the limitations period for such a claim has expired so long as that party sought other relief under C.R.C.P. 106(a) within the limitations period. We hold that C.R.C.P. 106(b) does not permit a party to do so.

¶ 2 Plaintiff, Jeff Auxier, appeals the district court's judgment entered after dismissal of two claims in his amended complaint. He contends that the court erred by dismissing his C.R.C.P. 106(a)(4) claim against the City of Salida Planning Commission (Planning Commission) and his C.R.C.P. 106(a)(2) claim against Dara McDonald, Administrator for the City of Salida (Administrator). We disagree and therefore affirm.

I. Factual Background

¶ 3 Jon and Julia Fritz obtained a building permit to construct an accessory structure at a Salida address adjacent to Auxier's property. Auxier objected to construction of the structure. He appealed several decisions related to the project to the Planning Commission, including suspension of the building permit until the Fritzes submitted a plan change to address off-street parking. After a hearing on Auxier's consolidated appeals, the Planning Commission affirmed the issuance of the building permit and approval of the plan change on January 10, 2013.[1]

¶ 4 On January 25, 2013, Auxier filed a complaint in the district court alleging four claims for relief and naming the following defendants: the Administrator, the Fritzes, and Chalk Creek Initiative LLC. Auxier's claim against the Administrator was for "mandamus"; he sought an order compelling her to revoke the Fritzes' building permit and certificate of occupancy.

¶ 5 Before the district court ruled on the Administrator's motion to dismiss, Auxier filed an amended complaint on March 25, 2013—seventy-four days after the Planning Commission's final decision. The amended

1. Although the Planning Commission's order is dated January 3, 2013, the parties accept for purposes of this appeal that the final decision date was January 10, 2013.

complaint added the City of Salida, the Salida City Council, and the Planning Commission as defendants (collectively with the Administrator, the City Defendants). The amended complaint also added a Rule 106(a)(4) claim against the Planning Commission, alleging that it had abused its discretion or exceeded its jurisdiction in "upholding" the Administrator's issuance of the building permit to the Fritzes.

¶ 6 The City Defendants moved to dismiss the claims against them in the amended complaint. The district court found that Auxier's Rule 106(a)(4) claim against the Planning Commission was untimely because it had not been filed within twenty-eight days of the Planning Commission's final decision and it did not relate back to the original complaint. The court, therefore, dismissed this claim for lack of subject matter jurisdiction. Construing Auxier's claim against the Administrator as seeking mandamus relief under Rule 106(a)(2), the court dismissed it for failure to state a claim upon which relief could be granted.

¶ 7 After Auxier's claims against the other defendants were resolved, the district court entered final judgment pursuant to C.R.C.P. 58(a). Auxier then brought this appeal.

## II. Rule 106(a)(4) Claim Against the Planning Commission

¶ 8 Auxier contends that the district court erred by finding untimely his Rule 106(a)(4) claim against the Planning Commission set forth in the amended complaint. According to him, this claim related back to his original complaint because that complaint gave "ample notice" of facts "giving rise to a [Rule] 106(a)(4) claim" against the Planning Commission—even though the original complaint sought only mandamus relief against the Administrator under Rule 106(a)(2).[2] Alternatively, Auxier argues that, regardless of whether his original complaint gave notice of a Rule 106(a)(4) claim, Rule 106(b) permitted him to add such a claim at any time with leave of the court because his Rule 106(a)(2)

claim in the original complaint was timely. We reject both contentions.

### A. Standard of Review

■ ¶ 9 We apply a mixed standard of review to a district court's dismissal of a claim under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. *Bd. of Cnty. Comm'rs v. City of Black Hawk*, 2012 COA 172, ¶ 10, 292 P.3d 1172. We review factual findings for clear error and legal conclusions de novo. *Id.*

### B. Rule 106

¶ 10 As relevant here, Rule 106(a) provides that "[i]n the following cases relief may be obtained in the district court":

(2) Where the relief sought is to compel a lower judicial body, governmental body, corporation, board, officer or person to perform an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such lower judicial body, governmental body, corporation, board, officer, or person. The judgment shall include any damages sustained;

. . .

(4) Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy, and adequate remedy otherwise provided by law[.]

¶ 11 Rule 106(b) provides:

**Limitations as to Time.** Where a statute provides for review of the acts of any governmental body or officer or judicial body by certiorari or other writ, or for a proceeding in quo warranto, relief therein provided may be had under this Rule. If no time within which review may be sought is provided by any statute, a complaint seek-

---

**2.** The original complaint did not cite C.R.C.P. 106, but Auxier concedes on appeal that his mandamus claim against the Administrator was brought under C.R.C.P. 106(a)(2). As noted, the complaint also asserted claims against private parties. Auxier does not contend that those claims are relevant to this appeal.

ing review under subsection (a)(4) of this Rule shall be filed in the district court not later than 28 days after the final decision of the body or officer. A timely complaint may be amended at any time with leave of the court, for good cause shown, to add, dismiss or substitute parties, and such amendment shall relate back to the date of filing of the original complaint.

¶ 12 The limitations period prescribed by Rule 106(b) is jurisdictional and cannot be tolled or waived. *Slaughter v. Cnty. Court*, 712 P.2d 1105, 1106 (Colo.App. 1985). Where, as here, no statute provides a different limitations period, a claim seeking review under Rule 106(a)(4) that is filed more than twenty-eight days after the governmental body or officer's final decision must be dismissed. *Danielson v. Zoning Bd. of Adjustment*, 807 P.2d 541, 543 (Colo.1990); *see Westlund v. Carter*, 193 Colo. 129, 131, 565 P.2d 920, 921 (1977) ("Since the requirements of C.R.C.P. 106(b) must be construed as a statute of limitations, the failure of the plaintiffs to perfect their petition for certiorari review within [the period set forth in the rule] constituted a fatal defect which required that the complaint be dismissed.").

¶ 13 As a result, "when the original complaint in a C.R.C.P. 106(a)(4) proceeding fails to state a claim for relief, [the relation-back doctrine of] C.R.C.P. 15(c) has no application to the proceedings or to any further pleadings which may be filed." *Richter v. City of Greenwood Village*, 40 Colo.App. 310, 313, 577 P.2d 776, 778 (1978); *Lorenz v. City of Littleton*, 38 Colo.App. 16, 18, 550 P.2d 884, 886 (1976). One purpose of the strict time limit for bringing a Rule 106(a)(4) claim is "expediting resolution of challenges to zoning and annexation proceedings and ... removing municipal planning and individual properties from a cloud of uncertainty." *Richter*, 40 Colo.App. at 313, 577 P.2d at 778 (internal quotation marks omitted).

### C. Relevant Factual Allegations and Claims for Relief

¶ 14 According to Auxier, his original complaint gave ample notice that he sought relief against the Planning Commission under Rule 106(a)(4) (i.e., he sought review of a decision of the Planning Commission on the basis that it had abused its discretion or exceeded its jurisdiction). We thus examine his original complaint.

¶ 15 Auxier's only claim for relief against a governmental body or officer in the original complaint was for an order directing the Administrator to "revoke the building permit granted to Jon Fritz, to revoke any certificate of occupancy granted to Jon and/ort [sic] Julia Fritz and to order the removal of the structure, as well as an award of costs, attorneys fees [sic] and pre-judgment interest." This claim did not seek review of the Planning Commission's decision or allege that any governmental body or officer had abused its discretion or exceeded its jurisdiction.

¶ 16 The original complaint's factual allegations mentioned the Planning Commission in three places:

- "Plaintiff Auxier appealed the Administrator's grant of building permit to the City's Planning Commission o[n] various grounds."

- "The Planning Commission agreed with Auxier on some grounds and disagreed with him on others, and upheld the permit and the construction of the structure."

- "A finding of the foregoing alleged facts is compelled by the record before the proceedings at the City's Planning Commission, said record to be certified and submitted to this court."

### D. Analysis

¶ 17 Although Colorado has a liberal notice-pleading requirement, the opposing party "must receive notice of the claims." *Command Commc'ns, Inc. v. Fritz Cos., Inc.*, 36 P.3d 182, 187 (Colo.App. 2001). For the following reasons, we agree with the district court that Auxier did not give adequate notice in the original complaint that he sought relief against the Planning Commission under Rule 106(a)(4):

- As Auxier concedes on appeal, his claim against the Administrator in the original complaint did not seek review under Rule 106(a)(4) but mandamus relief under Rule 106(a)(2). (For instance, when

describing the amended complaint in his opening brief, he acknowledges that it "realleged the [Rule] 106(a)(2) mandamus claim" against the Administrator.)

- The original complaint did not cite Rule 106(a)(4).
- The Planning Commission was not a named defendant. *See Thorne v. Bd. of Cnty. Comm'rs*, 638 P.2d 69, 71 (Colo. 1981) ("The tribunal whose acts are to be reviewed is an indispensable party to the subsequent 106(a)(4) action.").
- The date of the Planning Commission's final decision was not identified. *See Douglas v. City & Cnty. of Denver*, 203 P.3d 615, 618 (Colo.App.2008) ("The plaintiff bears the burden to prove subject matter jurisdiction.").
- Auxier did not suggest that any person or entity had exceeded its jurisdiction or abused its discretion. *See* C.R.C.P. 106(a)(4) (stating that a plaintiff may seek relief if a governmental entity or official "has exceeded its jurisdiction or abused its discretion").
- The original complaint's references to the Planning Commission did not indicate that Auxier sought review of the Planning Commission's decision. Instead, those references related to the claims of relief actually brought by Auxier: the mandamus claim against the Administrator and the claims for damages and injunctive relief against the private parties.
- Although the original complaint mentioned that a "certified" record of the Planning Commission proceedings would be submitted, Auxier never asked the court to order the Planning Commission to certify and submit the record. *Cf.* C.R.C.P. 106(a)(4)(III) ("If the complaint is accompanied by a motion and proposed order requiring certification of a record,

the court shall order the defendant body or officer to file with the clerk on a specified date, the record or such portion or transcript thereof as is identified in the order, together with a certificate of authenticity.").[3]

- There was no other claim for relief that could be construed as a Rule 106(a)(4) claim because the other defendants were nongovernmental persons or entities.

¶ 18 Considered in their totality, the above circumstances refute Auxier's contention that his original complaint gave "ample notice" of a Rule 106(a)(4) claim against the Planning Commission.

¶ 19 As a result, the district court properly treated Auxier's Rule 106(a)(4) claim against the Planning Commission in the amended complaint as a new claim. Absent an exception allowing such a claim to be brought for the first time more than twenty-eight days after the Planning Commission's final decision, the court properly dismissed the claim. *See Danielson*, 807 P.2d at 543; *Richter*, 40 Colo.App. at 313, 577 P.2d at 778. We now turn to Auxier's alternative argument that such an exception existed.

E. Relation–Back Provision of Rule 106(b)

¶ 20 Auxier maintains that Rule 106(b) permitted him to add a Rule 106(a)(4) claim after the twenty-eight-day limitations period expired because his original complaint alleging *other* claims for relief was filed within twenty-eight days of the Planning Commission's final decision.[4] We disagree.

1. Standard of Review

¶ 21 The Colorado Rules of Civil Procedure are subject to the principles of statutory construction. *BSLNI, Inc. v. Russ T. Diamonds, Inc.*, 2012 COA 214, ¶ 9, 293 P.3d 598. We review de novo issues of statu-

---

**3.** Citing *North Glenn Suburban Co. v. District Court*, 187 Colo. 409, 412, 532 P.2d 332, 334 (1975), Auxier argues that Rule 106(a)(4) provides relief in the nature of a writ of certiorari, and that his assembling and later submission of the purported record of the Planning Commission proceedings established that he sought such a writ. But a writ of certiorari is a *"directive to the inferior tribunal"* to certify up to an appellate level a copy of the record for review." *Id.* (em-

phasis added). Auxier never asked the district court to issue such a directive.

**4.** Auxier states, "Whether or not [he] gave notice of a 106(a)(4) claim is irrelevant under the plain language of the rule. The only thing that matters is whether the complaint was filed within 28 days of the Commission's decision."

tory interpretation. *Tulips Invs., LLC v. State ex rel. Suthers,* 2015 CO 1, ¶ 11, 340 P.3d 1126. When conducting this review, we "must give the words their plain meaning and construe them as a whole, giving consistent, harmonious effect to all parts of the rule." *BSLNI,* ¶ 9.

### 2. Analysis

¶ 22 As noted, Rule 106(b) states that, unless a statute provides a different limitations period, "a complaint seeking review under subsection (a)(4) of this Rule shall be filed in the district court not later than 28 days after the final decision of the body or officer." In its next sentence, Rule 106(b) provides that "[a] timely complaint may be amended at any time with leave of the court, for good cause shown, to add, dismiss or substitute parties, and such amendment shall relate back to the date of filing of the original complaint." This language permitting the addition, dismissal, and substitution of parties was promulgated to "remedy an existing trap for a plaintiff who named the governmental entity as defendant instead of its governing body from which the appeal is taken, or who failed to name another indispensable party, typically the applicant, and then was barred by C.R.C.P. 106(a)(4)." *Black Canyon Citizens Coal., Inc. v. Bd. of Cnty. Comm'rs,* 80 P.3d 932, 933 (Colo.App. 2003).

¶ 23 Auxier reads Rule 106(b) to permit a plaintiff to amend a complaint to add a claim seeking review under Rule 106(a)(4) *after* the relevant twenty-eight days have elapsed so long as the plaintiff filed a complaint seeking any other relief within the twenty-eight days. But Auxier reads the sentence in Rule 106(b) allowing an amendment to a "timely complaint" in isolation from the sentence that directly precedes it. A timely complaint under this rule is one "seeking review *under subsection (a)(4)* of this Rule" that is "filed in the district court not later than 28 days after the final decision of the body or officer" or within the period provided by an applicable statute. C.R.C.P. 106(b) (emphasis added). If the complaint does not satisfy these criteria, it is not a

timely complaint within the meaning of Rule 106(b).

¶ 24 Accordingly, if the plaintiff's original complaint did not seek review under Rule 106(a)(4) within the relevant limitations period, an amendment seeking such review will not "relate back to the date of filing of the original complaint." *Id.* In contrast, if the only defect in a timely Rule 106(a)(4) claim was an error in naming the parties, the plaintiff may amend the complaint as to the parties. In other words, Rule 106(b) permits a plaintiff to add, dismiss, or substitute parties in order to correct or complete a previously asserted Rule 106(a)(4) claim, but the plaintiff may not amend the complaint to seek review under Rule 106(a)(4) if such relief was not timely requested in the original complaint.

¶ 25 To conclude otherwise would permit a party to bring a Rule 106(a)(4) claim months or even years after the final decision of the governmental body or officer, so long as the party filed a complaint seeking other relief within twenty-eight days of the decision. Such a reading of Rule 106(b) would frustrate an important purpose of the time limitations governing Rule 106(a)(4) claims—to expedite resolution of challenges to land-use decisions and to remove municipal planning and individual properties from a cloud of uncertainty. *Richter,* 40 Colo.App. at 313, 577 P.2d at 778.

¶ 26 In sum, because Auxier's original complaint did not seek review under Rule 106(a)(4), his amended complaint seeking such review did not relate back to his original complaint. The district court, therefore, correctly dismissed as untimely the Rule 106(a)(4) claim set forth in his amended complaint.

### III. Rule 106(a)(2) Claim Against the Administrator

¶ 27 Auxier asks us to reinstate his Rule 106(a)(2) claim against the Administrator *only if* we conclude that the district court improperly dismissed the Rule 106(a)(4) claim against the Planning Commission.[5] Be-

---

5. In Auxier's opening brief, he declares that "the

106(a)(2) claim would not stand without the

cause we have concluded that the court properly dismissed the Rule 106(a)(4) claim, we will not disturb the court's dismissal of the Rule 106(a)(2) claim.

### IV. Attorney Fees

¶ 28 The City Defendants request an award of attorney fees and double costs related to this appeal on the ground that Auxier's appeal was frivolously filed. *See* C.A.R. 38(d).

¶ 29 In our discretion, we may award attorney fees and double costs when an appeal lacks substantial justification, including when it is substantially frivolous. *Id.*; *see also* § 13–17–102(2), (4), C.R.S.2014. An appeal is frivolous " 'if the proponent can present no rational argument based on the evidence or law . . . or the appeal is prosecuted for the sole purpose of harassment or delay.' " *Averyt v. Wal–Mart Stores, Inc.*, 2013 COA 10, ¶ 43, 302 P.3d 321 (quoting *Mission Denver Co. v. Pierson*, 674 P.2d 363, 366 (Colo.1984)).

¶ 30 There is no history of protracted or vexatious litigation here, or improper motive on the part of Auxier. And, while we are not persuaded by Auxier's appellate claims, we do not conclude that they lack a rational basis. Thus, we decline to award attorney fees and double costs to the City Defendants under C.A.R. 38(d). The City Defendants, however, may seek an award of costs under C.A.R. 39.

### V. Conclusion

¶ 31 The judgment is affirmed.

JUDGE LICHTENSTEIN and JUDGE BERGER concur.

106(a)(4) claim." In his reply brief, he explains, "To be clear, Plaintiff does not argue that the 106(a)(2) action against the Administrator must

be reinstated if the 106(a)(4) action aimed at the Planning Commission is not."