Opinion by JUDGE ASHBY
¶ 1 The primary issue raised in this appeal is whether C.R.C.P. 106.5 provides prison inmates with a means to obtain judicial review of decisions by the Colorado State Board of Parole (parole board). Plaintiff, L. R. Moore, an inmate in the custody of the Colorado Department of Corrections (DOC), appeals the district court's judgment dismissing his action seeking C.R.C.P. 106.5 review of a parole board decision deferring his parole.
¶ 2 We conclude that C.R.C.P. 106.5 is not a mechanism for obtaining judicial review of parole board decisions. For that reason and others, we affirm the judgment dismissing Moore's action.
I. Background
¶ 3 Moore filed a " Rule 106.5 Petition" against defendants, the DOC's executive director and the warden of the prison facility where Moore is housed. In that petition, and in a later-filed "complaint," Moore said that he was challenging a March 2017 parole board decision to defer his parole. He alleged that in making the decision, the parole board abused its discretion in a number of ways.
¶ 4 Defendants moved to dismiss the action, arguing that (1) the district court lacked jurisdiction to review the parole board's discretionary parole decision and (2) defendants were not the proper parties to an action challenging the decision.
¶ 5 In various responsive motions, Moore argued that he was entitled to challenge the parole board's decision under C.R.C.P. 106.5. He further argued that the case authority defendants relied on in their motion to dismiss was "irrelevant" because the cases were all decided before the promulgation of C.R.C.P. 106.5.
¶ 6 The district court ultimately granted defendants' motion and dismissed the case.
II. Discussion
¶ 7 Moore contends that the district court erred in dismissing the action. He continues to argue that he is entitled to judicial review of the parole board's decision under C.R.C.P. 106.5, and that the legal authority supporting defendants' dismissal motion is no longer valid because it predates the promulgation of C.R.C.P. 106.5. We disagree and conclude that the district court properly dismissed the case.
A. Standard of Review
¶ 8 It is unclear whether the district court dismissed Moore's action under C.R.C.P. 12(b)(1) based on a lack of subject matter jurisdiction or, instead, under C.R.C.P. 12(b)(5) for failure to state a proper claim for relief. In any event, because the court made no factual findings, our review is de novo. See Auxier v. McDonald , 2015 COA 50, ¶ 9, 363 P.3d 747 (reviewing de novo legal conclusions made in dismissal under C.R.C.P. 12(b)(1) );
*1165 see also Scott v. Scott , 2018 COA 25, ¶ 17, 428 P.3d 626 (reviewing C.R.C.P. 12(b)(5) dismissal de novo).
B. C.R.C.P. 106.5 Does Not Apply When an Inmate Seeks Review of a Parole Board Decision
¶ 9 Contrary to Moore's arguments, we conclude that C.R.C.P. 106.5 does not apply to inmate actions seeking judicial review of parole board decisions. Rather, that rule applies only to prison facility quasi-judicial hearing decisions over which the DOC's executive director and the facility warden have ultimate authority.
¶ 10 Significantly, C.R.C.P. 106.5(b) specifies that the only allowable defendants in actions brought under the rule are the DOC's executive director and the facility warden. It further requires that the court must dismiss any other defendants. This limitation demonstrates that the rule's scope is confined to review of quasi-judicial decisions within the ultimate authority of the executive director and the facility wardens. Such decisions include inmate discipline decisions under the DOC's Code of Penal Discipline. See Dawson v. Exec. Dir. of Colo. Dep't of Corr. , 2014 COA 69, ¶ 6, 345 P.3d 969 ; Marymee v. Exec. Dir. of Colo. Dep't of Corr. , 2014 COA 44, ¶ 1, 328 P.3d 284.[1]
¶ 11 Conversely, C.R.C.P. 106.5 does not apply to parole board decisions because the DOC's executive director and prison facility wardens do not have authority over those decisions. That authority lies solely with the parole board. See, e.g. , §§ 17-2-201(4)(a), (9)(a), 17-2-204(1), C.R.S. 2017; see also State Bd. of Parole Rules 3.00-9.00, 8 Code Colo. Regs. 1511-1.
¶ 12 In support of his argument that C.R.C.P. 106.5 applies to review of parole board decisions, Moore cites language in C.R.C.P. 106.5(a) saying that it applies to "every action brought by an inmate to review a decision resulting from a quasi-judicial hearing of any facility of the [DOC]." He insists that because his parole hearing occurred at a DOC facility, it falls within the rule's coverage.
¶ 13 C.R.C.P. 106.5(a) does not support Moore's argument that the rule applies to any quasi-judicial hearing decision made at or in a prison facility. Rather, according to its plain terms, the rule applies only to quasi-judicial hearing decisions "of" the facility itself, meaning decisions proceeding from, and made by, the facility. See State Bd. for Contractors v. H.B. Sedwick, Jr., Bldg. Supply Co. , 234 Va. 79, 360 S.E.2d 169, 171 (1987) (noting that the word "of" generally means "proceeding from, belonging to, relating to, connected with, and concerning"). In this case, the decision Moore challenges was made by the parole board, not by the prison facility where he was housed. As a result, it was not a decision "of" the facility and therefore does not fall within C.R.C.P. 106.5 's coverage.
¶ 14 In sum, we conclude that C.R.C.P. 106.5 does not provide a vehicle for Moore to obtain review of the parole board's decision deferring his parole.
C. The District Court Properly Dismissed the Action
¶ 15 Because C.R.C.P. 106.5 does not apply to Moore's action, we agree with defendants that in challenging the parole board's decision, Moore needed to name as defendant(s) the parole board, its members, or both. See Martinez v. Colo. State Bd. of Parole , 989 P.2d 256 (Colo. App. 1999) ; Fraser v. Colo. Bd. of Parole , 931 P.2d 560 (Colo. App. 1996).
*1166 ¶ 16 But beyond that pleading defect, which may have been curable, dismissal was also required because Moore's petition and complaint sought a level of judicial review that exceeded the district court's subject matter jurisdiction. Well-established authority holds that the parole board's discretion in making decisions granting or denying parole is "plenary" and not subject to judicial review. See White v. People , 866 P.2d 1371, 1373 (Colo. 1994) ; see also In re Question Concerning State Judicial Review of Parole Denial , 199 Colo. 463, 465, 610 P.2d 1340, 1341 (1980). It is only if the parole board "has failed to exercise its statutory duties that the courts ... have the power to review [its] actions," and that review is in the nature of mandamus relief under C.R.C.P. 106(a)(2). In re Question , 199 Colo. at 465, 610 P.2d at 1341.
¶ 17 Relying on this authority, divisions of this court have similarly held that parole board decisions to grant or deny parole are wholly within the board's discretion and not subject to review. See People v. Dean , 2012 COA 106, ¶ 34, 292 P.3d 1066, aff'd , 2016 CO 14, 366 P.3d 593 ; see also Fraser , 931 P.2d at 564.
¶ 18 In this case, Moore has not alleged that the parole board failed to exercise its discretion. Instead, he disagrees with the manner in which it exercised that discretion and the result it reached. For example, he alleges that in making its decision, the parole board cited improper or "false" facts, relied on a disciplinary conviction he sustained beyond the allowed time limit, violated its own rules, "lost" a previous parole plan, and "refused to accept deportation" as part of a plan.
¶ 19 Because Moore challenges the manner in which the parole board exercised its discretion in deciding his parole application, the district court properly dismissed the action for lack of subject matter jurisdiction. See White , 866 P.2d at 1373-74 ; In re Question , 199 Colo. at 465, 610 P.2d at 1341 ; Fraser , 931 P.2d at 564. And, because C.R.C.P. 106.5 does not apply to inmate actions seeking judicial review of parole board decisions, promulgation of that rule did not render White , In re Question , and other similar case authority inapposite.
III. Conclusion
¶ 20 We affirm the district court's judgment.
J. Jones and Harris, JJ., concur

Arguably C.R.C.P. 106.5 applies only to review of prison discipline decisions. C.R.C.P. 106.5(g) specifies that the record in actions brought under the rule "shall include the Notice of Charges, the Disposition of Charges, the Offender Appeal Form, all exhibits offered at the hearing, and the current applicable version of the Code of Penal Discipline." These required record items are all key documents in prison discipline proceedings. We take no position on whether other similar decisions fall within the rule's coverage, including decisions to place an inmate in restrictive housing and decisions classifying an inmate on the DOC's sexual violence scale. See Fisher v. Colo. Dep't of Corr. , 56 P.3d 1210, 1212 (Colo. App. 2002) (sexual violence scale); Baldauf v. Roberts , 37 P.3d 483, 485 (Colo. App. 2001) (restrictive housing); see also Barbara Wiederstein, Judicial Review of Prison Quasi-Judicial Hearings Under Rule 106.5 , 44 Colo. Law. 37 (Dec. 2015) (discussing scope of rule).