**MILE HIGH UNITED WAY, INC.,
Plaintiff–Appellant,**

v.

**BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO and Property Tax Administrator of the State of Colorado, Defendants–Appellees.**

No. 89CA0796.

Colorado Court of Appeals,
Div. IV.

April 26, 1990.

Rehearing Denied May 24, 1990.

Certiorari Denied Dec. 10, 1990.

Sherman & Howard, Joseph J. Bronesky and Dario Aguirre, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge HUME.

Plaintiff, Mile High United Way, Inc., appeals from the judgment of the Arapahoe County District Court that affirmed the final decision of defendant, Board of Assessment Appeals (BOAA), upholding the revocation of a charitable property tax exemption by defendant Property Tax Administrator (Administrator). We dismiss the appeal.

The property in question is located in Arapahoe County, Colorado, and was previously used by plaintiff as its administrative office. In 1986, plaintiff purchased other property in Denver County and moved its administrative offices to that location. The Arapahoe County property was essentially vacated and listed for sale by plaintiff.

The Administrator, after reviewing an exempt property report and other information provided by plaintiff, determined that the Arapahoe County property was no longer being used for charitable purposes and, accordingly, revoked the tax exempt status previously accorded to the property, resulting in a levy for its taxation by the Arapahoe County Treasurer. Plaintiff pursued an appeal of that determination to the BOAA resulting in its affirmance by order dated August 17, 1988.

Plaintiff sought judicial review of the BOAA's decision by complaint filed in the Denver District Court on September 12, 1988. Defendants moved for dismissal on September 22, 1988, contending that § 39–2–117(6), C.R.S. (1989 Cum.Supp.) provided for judicial review in the Arapahoe County District Court and that the Denver District Court lacked subject matter jurisdiction to review those proceedings.

The Denver District Court denied defendants' motion to dismiss and, treating the motion as an objection to improper venue, transferred the case to the Arapahoe County District Court by minute order dated October 21, 1988.

Defendants again asserted the jurisdictional issue as an affirmative defense in the Arapahoe County District Court proceedings, contending that the appeal was not timely perfected in that court. However, that court considered the issue to be foreclosed by the prior ruling and refused to reconsider it. The court affirmed the BOAA's decision on the merits, and plaintiff then commenced this appeal. Defendants have once again raised the jurisdictional issue on appeal.

Plaintiff contends that the district court erred in its interpretation of Colorado's constitutional and statutory provisions as to the meaning of the term "use," and in treating that issue as a question of fact rather than as an issue of law. Defendants maintain that the court was without jurisdiction to review the BOAA's decision because the complaint for review was not timely filed in the Arapahoe County District Court. We agree with defendants and, thus, do not consider plaintiffs' contention.

Section 39–2–117(6), C.R.S., (1989 Cum. Supp.) enacted in 1983, provides, in pertinent part, that:

"If the decision of the board is against the petitioner, the petitioner may, within thirty days after such decision, petition the district court of the county wherein the property is located for judicial review ... pursuant to § 24–4–106...."

The quoted provision was one of several additions and amendments adopted by the General Assembly to specify the manner by which administrative tax determinations are to be judicially reviewed. *See* Colo. Sess.Laws 1983, ch. 520 at 2086.

In 1981, this court, interpreting similar language now appearing in § 25–8–404(2), C.R.S. (1989 Repl.Vol. 11A) held that the language pertained only to venue and that the proper remedy for filing in the wrong court is to seek a change of venue. *Town of Frederick v. Colorado Water Quality Control Commission*, 628 P.2d 129 (Colo. App.1981). On certiorari, our supreme court reversed our decision on other grounds, expressly declining to reach the question whether proper venue is jurisdictional under the statute. *Colorado Water Quality Control Commission v. Town of Frederick*, 641 P.2d 958 (Colo.1982).

Subsequently, however, the supreme court did fully address the issues involved in determining whether a statute specifying venue is a limitation on the general jurisdiction otherwise conferred upon district courts. *State v. Borquez*, 751 P.2d 639 (Colo.1988).

Here, as was the situation in *Borquez*, the statute in question does not purport to confer reviewing authority upon district courts generally to review administrative determinations concerning real property tax exemptions. Prior to the enactment of § 39–2–117(6), such jurisdiction had been generally conferred under the provisions of § 24–4–106(4), and the place of trial was determined under the provisions of the Administrative Procedure Act and C.R.C.P. 98, based upon the residency of the parties to the controversy. However, the later enactment of § 39–2–117(6), and its specific application to appeals from administrative real property tax exemption cases, renders that statute controlling over the earlier and more general provisions of the Administrative Procedure Act. *See* § 24–4–107, C.R.S. (1988 Repl.Vol. 10A) and §§ 2–4–205 & 2–4–206, C.R.S. (1980 Repl.Vol. 1B).

Section 39–2–117(6) is quite specific in limiting the authority to review administrative decisions concerning real property tax exemptions to district courts in the county where the property is situated. We also note that the General Assembly amended § 39–4–109 at the same time it enacted § 39–2–117(6). The language of § 39–4–109 expressly includes the optional venue language that plaintiff urges we read into § 39–2–117(6), in that it provides that parties appealing public utility assessments may appeal "to the district court of the judicial district in which the property in question is located or to the district court in the City and County of Denver." *See* Colo. Sess.Laws 1983, ch. 520, § 39–4–109(1) at 2086.

In our view the different words employed in two statutes considered simultaneously by the General Assembly must be considered significant as to the meaning intended. *See Johnston v. City Council*, 177 Colo. 223, 493 P.2d 651 (1972); *City & County of Denver v. Taylor*, 88 Colo. 89, 292 P. 594 (1930).

If, as here, the General Assembly has provided a statutory right of review, such review must be sought in strict compliance with the mandatory provisions of the statute in question, and in the absence of such compliance, the court is without jurisdiction to act. *Barber v. People*, 127 Colo. 90, 254 P.2d 431 (1953).

Hence, we conclude that plaintiff did not timely perfect the review proceedings in the proper court as mandated by § 39–2–117(6), and that the Arapahoe County District Court was then without jurisdiction over the subject matter of the appeal. *See City & County of Denver v. District Court*, 189 Colo. 342, 540 P.2d 1088 (1975).

Having determined that the district court lacked subject matter jurisdiction, we conclude that the court's decision on the merits from which plaintiff seeks to appeal is a nullity and that the BOAA's determination must stand. We therefore decline to address plaintiff's contentions on appeal.

The appeal is dismissed.

JONES and REED, JJ., concur.