**Robert E. PURCELL, Plaintiff–Appellant,**

v.

**COLORADO DIVISION OF GAMING, Defendant–Appellee.**

No. 95CA1250.

Colorado Court of Appeals, Div. III.

May 2, 1996.

Robert E. Purcell, pro se.

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Thomas D. Fears, Assistant Attorney General, Denver, for Defendant-Appellee.

Opinion by Judge NEY.

Plaintiff, Robert E. Purcell, appeals the trial court's dismissal of his complaint against defendant, Colorado Division of Gaming (Division). We affirm.

In 1993, plaintiff petitioned the Division for a determination whether a jackpot feature he sought to introduce was permitted under the statutory definition of "blackjack" set forth in § 12–47.1–103(4), C.R.S. (1991 Repl.Vol. 5B). The Division held that the jackpot feature was not within the statutory definition of "blackjack."

Plaintiff then presented his request to the Colorado Limited Gaming Control Commission (Commission). Characterizing plaintiff's petition as "an appeal of the Division's decision rather than a petition for declaratory order," the Commission, following a hearing, issued a written order affirming the Division's decision.

Thereafter, plaintiff timely filed a complaint in the district court, seeking reversal of the Division's ruling. The Division moved to dismiss, arguing that the district court lacked jurisdiction to consider plaintiff's complaint.

The trial court granted the motion, basing its decision on § 12–47.1–521, C.R.S. (1991 Repl.Vol. 5B) of the Colorado Limited Gaming Act (Act), which provides:

> Any person aggrieved by a final action of the commission may appeal the final action to the court of appeals....

This appeal followed.

## I.

Plaintiff first contends that the trial court erred in its determination that § 12–47.1–521 barred the district court from considering his complaint. We disagree.

The crux of plaintiff's argument is that the statute does not apply under circumstances in which, as here, a petition has been directed to the Division and not the Commission and the subject of the petition is not "licensing." We disagree.

Plaintiff's first argument does not adequately consider the delineation of authority granted the Division and the Commission by the General Assembly. Section 12–47.1–202, C.R.S. (1991 Repl.Vol. 5B) directs the Division to implement and supervise limited gaming, while § 12–47.1–302, C.R.S. (1991 Repl. Vol. 5B) squarely vests in the Commission the authority to regulate limited gaming. *See also* § 12–47.1–104, C.R.S. (1991 Repl. Vol. 5B).

This "regulatory" power, intended to embrace all aspects of the operation of gaming in the state, includes the authority of the Commission to promulgate rules and regulations necessary to carry out and to enforce the Act. *See* § 12–47.1–302, C.R.S. (1991 Repl.Vol. 5B); *Moya v. Colorado Limited Gaming Control Commission,* 870 P.2d 620 (Colo.App.1994).

Under this statutory scheme, final agency action concerning the operation of gaming in the state is vested in the Commission. Thus, notwithstanding the fact that plaintiff's petition was directed to the Division, it was the Commission's decision on his petition which triggered final agency action and, hence, his right to seek judicial review.

■ Plaintiff's alternative argument is also not persuasive. Section 12–47.1–521 specifically authorizes any person to seek review of "a final action" of the Commission in this court. While plaintiff construes the statute to apply only to a final "licensure" action, the plain language of the statute indicates otherwise through the obvious omission of such a qualifying term and by the use of "a," commonly interpreted as the inclusive term "any." *Black's Law Dictionary* 1 (rev. 6th ed.1990).

■ Legislative words and phrases should be interpreted according to their plain and obvious meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986). Here, the plain language of the statute provides that any final action of the Commission is subject to review in this court. Plaintiff's construction, by limiting the actions to which the statute applies, is simply inconsistent with this unambiguous legislative mandate.

We conclude, therefore, that the trial court did not err in determining that § 12–47.1–521 barred the district court's consideration of plaintiff's complaint.

## II.

Next, plaintiff contends that even if the district court lacked jurisdiction to consider his complaint under § 12–47.1–521, it nonetheless had jurisdiction under C.R.C.P. 57 and C.R.C.P. 106(a)(4). We disagree.

■ When the provisions of the Administrative Procedure Act (APA) provide a claimant with relief, the extraordinary provisions of C.R.C.P. 57 and C.R.C.P. 106 are not available. *See generally Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983). Exceptions to this rule exist, however, if the remedies within the administrative agency's jurisdiction are inadequate, *Collopy v. Wildlife Commission,* 625 P.2d 994 (Colo.1981), or if the matters in controversy consist of questions of law rather than issues committed to administrative discretion and expertise. *Horrell v. Department of Administration,* 861 P.2d 1194 (Colo.1993).

■ Plaintiff argues that an exception applies here because the Division has "absolutely no rules for entertaining or for disposing of [his] petition for a declaratory determination." We are unpersuaded.

Although we agree with plaintiff that the Division has no such rules, the Commission does and, as noted earlier, it is within the province of the *Commission* to promulgate rules and regulations governing the statewide operation of limited gaming. And, in accordance with § 24–4–105(11), C.R.S. (1988 Repl.Vol. 10A) of the APA which requires every agency to provide by rule for entertaining and disposing of petitions for declaratory orders, the Commission has adopted Rule 6, 1 Code Colo. Reg. 207–1 (1991) concerning "Declaratory Orders."

Rule 6 provides a specific procedure to address "the applicability to [the petitioner] of any statutory provision or rule relating to limited gaming." The Rule sets forth the form in which the petition is to be filed and provides that upon receipt of the petition, the Commission must either "dismiss the peti-

tion, hold a hearing, or issue a declaratory order within 60 days."

We conclude that, given the subject of the complaint and the type of relief requested, Rule 6 provides plaintiff a complete, adequate, and speedy administrative remedy before the Commission which must be exhausted prior to seeking judicial relief. *See Leete v. Colorado Board of Medical Examiners*, 807 P.2d 1249 (Colo.App.1991).

Moreover, we conclude that, despite his obvious efforts, plaintiff has not "exhausted" this remedy. Indeed, there is no evidence in the record that he has petitioned the Commission under Rule 6 and it is apparent from the Commission's response that it did not view plaintiff's appeal as a petition for a declaratory order.

The judgment of dismissal is affirmed.

PLANK and ROY, JJ., concur.