2012 COA 172

**BOARD OF COUNTY COMMISSIONERS OF GILPIN COUNTY, a Colorado county; Forrest Whitman, in his official capacity as member of the Board of County Commissioners and individually as taxpayer and resident of Gilpin County; Bruce V. Schmalz, in his official capacity as member of the Board of County Commissioners and individually as taxpayer and resident of Gilpin County; and Connie McLain, in her official capacity as member of the Board of County Commissioners and individually as taxpayer and resident of Gilpin County, Plaintiffs–Appellants,**

v.

**CITY OF BLACK HAWK, Defendant–Appellant,**

and

**Colorado Limited Gaming Control Commission; Colorado Division of Gaming; Walker Stapleton, in his official capacity as Colorado State Treasurer; Board of County Commissioners of Teller County, a Colorado county; City of Cripple Creek; and City of Central, Defendants–Appellees.**

Nos. 11CA1852, 11CA2003.

Colorado Court of Appeals,
Div. VII.

Oct. 11, 2012.

Petrock & Fendel, P.C., James J. Petrock, Bradford R. Benning, Kara Godbehere, Denver, Colorado, for Plaintiffs–Appellants.

Murray, Dahl, Kuechenmeister & Renaud, LLP, M. Patrick Wilson, Christopher Price, Denver, Colorado, for Defendant–Appellant.

John W. Suthers, Attorney General, John A. Lizza, First Assistant Attorney General, Ceri C. Williams, Senior Assistant Attorney General, Denver, Colorado, for Defendants–Appellees Colorado Limited Gaming Control Commission and Colorado Division of Gaming.

John W. Suthers, Attorney General, Maurice G. Knaizer, Deputy Attorney General, Denver, Colorado, for Defendant–Appellee Walker Stapleton.

Sparks, Willson, Borges, Brandt & Johnson, P.C., Christopher M. Brandt, Paul W. Hurcomb, Colorado Springs, Colorado, for Defendant–Appellee Board of County Commissioners of Teller County.

Norton, Smith & Keane, P.C., Charles E. Norton, J. Michael Keane, Denver, Colorado, for Defendant–Appellee City of Cripple Creek.

Widner, Michow & Cox, LLP, Linda C. Michow, Maureen Juran, Centennial, Colorado, for Defendant–Appellee City of Central.

Opinion by Judge FURMAN.

¶ 1 Plaintiffs, the Board of County Commissioners of Gilpin County, Forrest Whitman, Bruce V. Schmalz, and Connie McLain (collectively, Gilpin County), and defendant, the City of Black Hawk (Black Hawk), appeal the district court's order dismissing their claims against defendants, the Colorado Limited Gaming Control Commission (Commission), the Colorado Division of Gaming (Division of Gaming), Walker Stapleton, in his official capacity as Colorado State Treasurer, the Board of County Commissioners of Teller County (Teller County), the City of Cripple Creek (Cripple Creek), and the City of Central (Central), for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b)(1). We affirm.

¶ 2 This case arose out of a rule-making proceeding before the Commission, to which the gaming communities of Central, Black Hawk, Cripple Creek, Gilpin County, and Teller County were parties. This rule-making proceeding addressed the interpretation of the phrase "gaming revenue" as used in the Colorado Constitution.

¶ 3 At a hearing before the Commission, the Division of Gaming proposed an amendment to the Commission's Rule 24, section 47.1–2405(3), that reflected its interpretation of "gaming revenue." In response, Gilpin

County proposed an amendment of its own that reflected a different interpretation of "gaming revenue."

¶ 4 The Commission voted to adopt the amendment to Rule 24 proposed by the Division of Gaming and rejected the amendment proposed by Gilpin County.

¶ 5 Gilpin County subsequently filed a complaint against defendants, including Black Hawk, in the district court, seeking judicial review of the Commission's rule-making proceeding and seeking declaratory relief, pursuant to C.R.C.P. 57, to the effect that the amendment to Rule 24 adopted by the Commission violated the Colorado Constitution. Black Hawk then filed its answer along with a cross-claim against the other defendants, effectively joining Gilpin County as a plaintiff in the case.

¶ 6 Defendants, excluding Black Hawk, filed a motion to dismiss Gilpin County's and Black Hawk's claims for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1). The district court granted this motion, finding that (1) under section 12–47.1–521, C.R.S. 2012, it did not have jurisdiction to review final actions of the Commission and (2) declaratory relief was not available to Gilpin County and Black Hawk, as review in this court, under section 12–47.1–521, was their sole remedy.

¶ 7 Section 12–47.1–521, C.R.S.2012, states, "Any person aggrieved by a final action of the commission may appeal the final action to the court of appeals pursuant to section 24–4–106, C.R.S." Section 24–4–106(11)(a), C.R.S.2012, a provision of the Administrative Procedure Act (APA), states, in pertinent part, "Whenever judicial review of any agency action is directed to the court of appeals, the provisions of this subsection (11) shall be applicable...."

¶ 8 Subsection (b) of section 24–4–106(11) requires that proceedings under section 24–4–106(11) "be commenced by the filing of a notice of appeal with the court of appeals within forty-five days after the date of the service of the final order entered in the action by the agency."

¶ 9 Gilpin and Black Hawk separately appeal the district court's order of dismissal. Their appeals have been consolidated.

 ¶ 10 In reviewing the district court's order of dismissal for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b)(1), we apply a mixed standard of review. *See Bazemore v. Colo. State Lottery Div.,* 64 P.3d 876, 878 (Colo.App.2002). We review the district court's factual findings for clear error and its legal conclusions de novo. *Id.*

¶ 11 On appeal, Gilpin County and Black Hawk contend the district court erred in dismissing their case for lack of subject matter jurisdiction for the following reasons: (1) section 12–47.1–521 does not give the court of appeals exclusive jurisdiction to review the rule-making actions of the Commission, and (2) Gilpin County and Black Hawk have claims for declaratory relief under C.R.C.P. 57 because sections 12–47.1–521 and 24–4–106 do not provide adequate relief for constitutional challenges to the Commission's rule-making actions.

¶ 12 We address and reject each contention in turn.

## I. Judicial Review

 ¶ 13 We first consider whether section 12–47.1–521 gives the court of appeals exclusive jurisdiction to review the rule-making actions of the Commission. We conclude it does.

 ¶ 14 In analyzing section 12–47.1–521, we recognize that statutory interpretation is a question of law that we review de novo. *See Hassler v. Account Brokers of Larimer Cnty., Inc.,* 2012 CO 24, ¶ 15, 274 P.3d 547. When we construe a statute, we seek to determine, and give effect to, the intent of the General Assembly. *Id.* (citing *People v. Perez,* 238 P.3d 665, 669 (Colo.2010)). "Before resorting to canons of statutory interpretation, we look to the plain and ordinary meaning of the words in a statute," and, "[i]f the statutory provisions are clear, we apply their plain and ordinary meaning." *Id.* (citing *Perez,* 238 P.3d at 669, and *CLPF–Parkridge One, L.P. v. Harwell Invs., Inc.,* 105 P.3d 658, 660 (Colo.2005)).

¶ 15 We conclude the plain meaning of section 12–47.1–521, read with section 24–4–106(11), is that the review of all final actions of the Commission, including rule-making actions, is to be sought solely in the court of appeals. Section 24–4–102(1)(a), C.R.S.2012, defines "action" as including "the whole or any part of any agency rule, order, interlocutory order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *See Colo. Ground Water Comm'n v. Eagle Peak Farms, Ltd.,* 919 P.2d 212, 218 (Colo.1996)(concluding that the term "action" in a statute referencing the APA encompasses both rule-making and adjudication); *Purcell v. Colo. Div. of Gaming,* 919 P.2d 905, 907 (Colo.App.1996). Thus, the district court lacks jurisdiction to review the Commission's rulemaking actions. *See Mile High United Way, Inc. v. Bd. of Assessment Appeals,* 801 P.2d 3, 5 (Colo.App.1990)(holding that, when the General Assembly provides a statutory right of review, such review must be sought in strict compliance with the mandatory provisions of the statute, and, absent such compliance, a district court is without jurisdiction).

¶ 16 Although Gilpin County argues that section 12–47.1–521 applies only to final orders involving licensing, as this section is located in a part of the Colorado Limited Gaming Act dealing with licensing, we conclude "the plain language of the statute indicates otherwise through the obvious omission of . . . a qualifying term and by the use of 'a,' commonly interpreted as the inclusive term 'any.'" *Purcell,* 919 P.2d at 907 (citing *Black's Law Dictionary* 1 (rev. 6th ed.1990))(interpreting "[a]ny person aggrieved by a final action of the commission may appeal the final action to the court of appeals" in section 12–47.1–521); *see also Brown v. Colo. Ltd. Gaming Control Comm'n,* 1 P.3d 175 (Colo.App.1999) (reviewing a final rule-making action of the Commission pursuant to sections 12–47.1–521 and 24–4–106). Hence, we conclude the phrase "a final action" in section 12–47.1–521 means any final action of the Commission, including rule-making actions.

¶ 17 Nonetheless, Gilpin County contends that section 12–47.1–521 cannot apply to the Commission's rule-making actions because the use of the term "final order" in section 24–4–106(11)(b), to which section 12–47.1–521 refers, controls over the use of the term "final action" in section 12–47.1–521 to exclude rule-making actions from that section. We disagree.

¶ 18 The plain meaning of "final action" in section 12–47.1–521 includes both adjudicatory orders and rule-making actions. *See* § 24–4–102(1)(a). To the extent there is a conflict between these terms, section 24–4–107, C.R.S.2012, of the APA provides that "where there is a conflict between this article and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency." Therefore, we conclude the term "final action" used in section 12–47.1–521 controls over the term "final order" used in the APA. Moreover, Gilpin County's "construction, by limiting the actions to which the statute applies, is simply inconsistent with [section 12–47.1–521's] unambiguous legislative mandate." *Purcell,* 919 P.2d at 907.

¶ 19 Gilpin County also contends that section 12–47.1–521 cannot apply to the rule-making actions of the Commission because section 24–4–106(11)(b) requires a notice of appeal to be filed "within forty-five days after the date of the service of the final order entered in the action by the agency." Because rule-making actions do not result in final orders that are served, Gilpin County asserts section 24–4–106(11) and, by extension, section 12–47.1–521 cannot apply to rule-making actions. We disagree.

¶ 20 Section 24–4–103(5), C.R.S.2012, a provision of the APA, states:

A rule shall become effective twenty days after publication of the rule as finally adopted, as provided in subsection (11) of this section, or on such later date as is stated in the rule. Once a rule becomes effective, the rule-making process shall be deemed to have become final agency action for judicial review purposes.

Thus, the APA provides an adequate procedure for judicial review of rule-making actions under section 24–4–106. A rule's effective date is the equivalent of a "date of service" for calculating when a notice of appeal must be filed under section 24–4–106(11)(b).

¶ 21 Further, Gilpin County contends that, even if section 12–47.1–521 applies to rule-making actions, the use of the term "may" in this section is permissive, not mandatory, and that the plain meaning of this provision is that an action may be filed with either the court of appeals or a district court. Again, we disagree.

¶ 22 Section 12–47.1–521 directs judicial review of the Commission's final actions to the court of appeals, and, therefore, section 24–4–106(11) "shall be applicable." *See People v. District Court*, 713 P.2d 918, 921 (Colo. 1986) (describing the word "shall" as "mandatory"). Moreover, we recognize that the word "may" in section 12–47.1–521 is an auxiliary verb, expressing wish or desire, *see Webster's Third New International Dictionary* 1396 (2002), that modifies "appeal." Thus, it merely indicates the General Assembly's "intent to confer a right of review in this area which an aggrieved individual may or may not exercise." *Mizel v. Banking Bd.*, 196 Colo. 98, 100, 581 P.2d 306, 308 (1978); *see Purcell*, 919 P.2d at 907–08 (affirming the district court's dismissal for lack of subject matter jurisdiction of case challenging final action of the Commission).

## II. Declaratory Relief

 ¶ 23 We next consider whether Gilpin County and Black Hawk have claims for declaratory relief under C.R.C.P. 57 because review under sections 12–47.1–521 and 24–4–106 does not provide adequate relief for their constitutional challenges to the Commission's rule-making actions. We conclude they do not have claims for declaratory relief because review under sections 12–47.1–521 and 24–4–106 provides adequate relief in the specific circumstances of this case.

 ¶ 24 "When the provisions of the [APA] provide a claimant with relief, the extraordinary provisions of C.R.C.P. 57 and C.R.C.P. 106 are not available." *Purcell*, 919 P.2d at 907 (citing *Gramiger v. Crowley*, 660 P.2d 1279 (Colo.1983)). The remedies available within the administrative agency's jurisdiction, however, must be adequate. *See id.* (citing *Collopy v. Wildlife Comm'n*, 625 P.2d 994 (Colo.1981)).

¶ 25 We conclude that review under sections 12–47.1–521 and 24–4–106 provides adequate relief to Gilpin County and Black Hawk in the specific circumstances of this case because they were parties to the Commission's rule-making proceeding. *See Purcell*, 919 P.2d at 907–08. Gilpin County and Black Hawk therefore had notice of the rule-making proceeding and had the opportunity to challenge the constitutionality of the Commission's rule-making action in the court of appeals after the amendment became effective, pursuant to sections 12–47.1–521 and 24–4–106. *See* § 24–4–103(5); *see also Horrell v. Dep't of Admin.*, 861 P.2d 1194, 1197 (Colo.1993)("It is well established that '[w]here administrative remedies are provided by statute, the statutory procedure must be followed when the matter complained of is within the jurisdiction of the administrative authority.'" (quoting *Denver–Laramie–Walden Truck Line, Inc. v. Denver–Fort Collins Freight Serv., Inc.*, 156 Colo. 366, 370, 399 P.2d 242, 243 (1965))).

¶ 26 Although Black Hawk now argues that it was not a party to the rule-making proceeding in question and should not be barred from seeking declaratory relief based on that fact, Gilpin County's complaint states, in paragraph 14, "The County of Gilpin, the Division of Gaming, the County of Teller, and the cities of Central, Black Hawk and Cripple Creek, were parties to a rulemaking proceeding conducted by the Limited Gaming Control Commission...." Black Hawk admitted that it was a party to the rule-making proceeding, in paragraph 14 of its answer to Gilpin County's complaint.

¶ 27 Further, Black Hawk contends that, even if its claim under C.R.C.P. 57 is barred, it still has a claim for injunctive relief against the State Treasurer under C.R.C.P. 106. We, however, conclude injunctive relief under C.R.C.P. 106 is unavailable in this case because, as we have concluded above, relief under the APA is adequate. *See Purcell*, 919 P.2d at 907.

¶ 28 The order is affirmed.

Judge HAWTHORNE and Judge ROMÁN concur.