2014 COA 177

**Wiley LONG, Plaintiff–Appellant,**

v.

**Loren CORDAIN; Paleo Diet Enterprises, LLC; and The Paleo Diet, LLC, Defendants–Appellees.**

**and**

**Wiley Long, Plaintiff–Appellee,**

v.

**Loren Cordain and The Paleo Diet, LLC, Defendants–Appellants.**

**Court of Appeals No. 13CA1502, Court of Appeals No. 14CA0054**

Colorado Court of Appeals, Div. VI.

Announced December 31, 2014

Larimer County District Court No. 11CV701 Honorable Devin R. Odell, Judge

Coan, Payton & Payne, LLC, Walter A. Winslow, Fort Collins, Colorado, for Plaintiff–Appellee

Ringenberg & Beller, P.C., Richard D. Beller, Fort Collins, Colorado; Armstrong Teasdale, LLP, Charles W. Steese, Denver, Colorado, for Defendants–Appellants

Opinion by JUDGE FOX

¶ 1 In this consolidated appeal, plaintiff, Wiley Long, challenges the district court's order dismissing his lawsuit against defendants, Loren Cordain, Paleo Diet Enterprises, LLC, and The Paleo Diet, LLC (collectively Cordain) for lack of subject matter jurisdiction (court of appeals case number 13CA1502). Cordain challenges the district court's order denying his request for attorney fees and costs incurred in defending the action (court of appeals case number 14CA0054). We now reverse the district court's order dismissing the case, reinstate the action, and remand the case for additional proceedings. We vacate the district court's order concerning attorney fees.

## I. Factual Background

¶ 2 Long and Cordain met at Colorado State University, where Long was a graduate student and Cordain was a professor. Cordain, a leading proponent of the Paleo Diet, was teaching a course called Evolutionary Basis for Health and Fitness, in which Long enrolled. Long and Cordain bonded over their shared interest in the Paleo Diet.

¶ 3 By the time he and Long met, Cordain had already published two books and several articles on the Paleo Diet. He also owned and operated a website, www.thepaleodiet.com, dedicated to the diet. But Long persuaded Cordain that he could do more to commercially market the Paleo Diet, and the two men eventually decided to form a company, Paleo Diet Enterprises, LLC (PDE), dedicated to that purpose. They entered into a Limited Liability Company Agreement (Agreement), which provided:

> The business of [PDE] shall be to develop a full range of products and services, including without limitation, books, newsletters, consulting services, [and] food products, based upon the Paleo Diet ... and to engage in any and all lawful business activities and other lawful actions in furtherance of said Business.

To help the company achieve its stated purpose, Cordain granted PDE "[a]n exclusive worldwide license to develop, market and sell products and services based upon the research and prior written work of Loren Cordain relating to all of the nutritional and dietary information and know-how generally described as the 'Paleo Diet' " (License).

¶ 4 A few years later, Long and Cordain had a falling out. Cordain dissolved PDE and formed a new company, The Paleo Diet, LLC (TPD), without Long.

## II. Procedural History

### A. Case Number 13CA1502

¶ 5 Shortly after Cordain formed TPD, Long sued Cordain. Long's complaint stated several state-law causes of action: breach of contract, breach of fiduciary duty, civil theft, and a request for an accounting.

¶ 6 Cordain moved to dismiss the complaint, arguing that the district court could not decide Long's claims without resolving complex issues of copyright law. Therefore, Cordain asserted, the case arose under federal copyright law, over which federal courts have exclusive jurisdiction. See 28 U.S.C. § 1338(a) (2012). The district court agreed and granted Cordain's motion. Long filed an appeal.

### B. Case Number 14CA0054

¶ 7 After the case was dismissed, Cordain requested attorney fees and court costs incurred in defending the action. The district court initially granted Cordain's request, but reversed its attorney fee order after Long moved for reconsideration. Cordain appealed.

### C. Concurrent Federal Action

¶ 8 While these appeals were pending, Long filed a separate action in federal court raising several claims that were substantially similar to the claims asserted in this action (case number 1:13–cv–03475–RM–BNB). We ordered the parties to provide supplemental briefing concerning the status of the federal case. Specifically, we asked the parties (1) whether the claims asserted in the

federal case overlap with the claims asserted in this case; (2) whether the federal court hearing the case had issued any decision affecting the claims asserted in the state case and related appeals; and (3) why this appeal should not be stayed pending resolution of the federal case. Having reviewed the parties' supplemental briefs, we conclude that a stay is not appropriate. We therefore address each appeal in turn.

### III. Motion to Dismiss

¶ 9 We first address the district court's order dismissing Long's claims against Cordain for lack of subject matter jurisdiction.

### A. Standard of Review

 ¶ 10 A court may decide only those cases over which it has subject matter jurisdiction. *See Horton v. Suthers*, 43 P.3d 611, 615 (Colo.2002) (as modified on denial of rehearing March 4, 2002). Subject matter jurisdiction cannot be conferred by waiver or consent of the parties; lack of subject matter jurisdiction requires dismissal. *See People ex rel. Strodtman*, 293 P.3d 123, 126–27 (Colo.App.2011); *Herr v. People*, 198 P.3d 108, 111 (Colo.2008). A plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Medina v. State*, 35 P.3d 443, 452 (Colo.2001).

 ¶ 11 "In reviewing the district court's order of dismissal for lack of subject matter jurisdiction ... we apply a mixed standard of review." *Bd. of Cnty. Comm'rs v. City of Black Hawk*, 2012 COA 172, ¶ 10, 292 P.3d 1172. We review the court's factual findings for clear error and its legal conclusions de novo. *Id.*

### B. Applicable Law

 ¶ 12 The Copyright Act, 17 U.S.C. §§ 101 to 122 (2012), broadly precludes states from adjudicating copyright disputes or legislating in the area of copyright law. The federal courts have exclusive jurisdiction over "any claim for relief arising under any Act of Congress relating to ... copyrights." 28 U.S.C. § 1338(a). The purpose of this broad preemption is to establish a uniform national system for protecting and enforcing

intellectual property rights. *See Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir.1995) ("[Seventeen U.S.C. s]ection 301(a) accomplishes the general federal policy of creating a uniform method for protecting and enforcing certain rights in intellectual property by preempting other claims."); *see also Peckarsky v. Am. Broad. Co., Inc.*, 603 F.Supp. 688, 695 (D.D.C.1984) ("The purpose of this broad statutory pre-emption scheme is to further the Copyright Act's goal of encouraging contributions to recorded knowledge by precluding the use of state law to prevent the copying of material that Congress has determined should be left in the public domain."); *Klekas v. EMI Films, Inc.*, 150 Cal.App.3d 1102, 198 Cal.Rptr. 296, 300 (1984) ("Congress, by passing the [Copyright] Act, intended ... to adopt a single system of federal statutory copyright.").

 ¶ 13 A case "arises under" federal copyright law, for purposes of subject matter jurisdiction, "if and only if the complaint is for a remedy expressly granted by the [Copyright] Act ... or asserts a claim requiring construction of the [Copyright] Act." *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964); *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1049 (10th Cir.2006) (adopting the Second Circuit's approach to determining whether a case arises under copyright law). Suits for copyright infringement, for example, arise under the Copyright Act. *T.B Harms Co.*, 339 F.2d at 828. The mere fact that a case involves a copyright, however, does not necessarily mean that a state court lacks jurisdiction to hear it. *Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir.2002).

 ¶ 14 State courts "can determine matters of state law, the subject of which is a copyright." *Siegel v. Time Warner, Inc.*, 496 F.Supp.2d 1111, 1130 (C.D.Cal.2007). For example, a state court may resolve a dispute over copyright ownership if the issue turns on the interpretation of a contract. *Jasper*, 314 F.3d at 46. Moreover, state courts "may pass on the validity of a copyright if it is necessary to do so in the course of deciding a case over which they do have jurisdiction." *Knickerbocker Toy Co., Inc. v. Faultless Starch Co.*, 467 F.2d 501, 509 (C.C.P.A.1972).

The possibility that a case may, at some point, raise some question under the copyright laws does not divest the state court of subject matter jurisdiction over the case. *Cresci v. Music Publishers Holding Corp.,* 210 F.Supp. 253, 260 (S.D.N.Y.1962).

¶ 15 To determine whether a case arises under federal copyright law, courts generally examine the allegations in the plaintiff's complaint. *Bassett v. Mashantucket Pequot Tribe,* 204 F.3d 343, 347 (2d Cir.2000); *accord 1mage Software,* 459 F.3d at 1049–51. This approach is known as the "well-pleaded complaint" rule. *Ultraflo Corp. v. Pelican Tank Parts, Inc.,* 823 F.Supp.2d 578, 584 (S.D.Tex.2011). Under the rule, if the complaint asserts only state-law causes of action, the claims do not arise under federal copyright law, and state courts have jurisdiction over the action. *Id.* An answer or counterclaim that raises an issue of federal copyright law cannot deprive the state of jurisdiction. *Id.*

¶ 16 But even a complaint that makes only state-law claims on its face may be preempted by the Copyright Act. *See id.* Section 301 of the Act broadly provides that legal rights "within the general scope of" copyright law or "equivalent to" copyrights are governed by the Act. 17 U.S.C. § 301(a) (2012). Thus, where a complaint raises only state-law causes of action, but the language of federal copyright law demonstrates clear congressional intent to preempt those particular state-law claims, the claims may be treated as copyright claims for jurisdiction purposes. *See Palkow v. CSX Transp., Inc.,* 431 F.3d 543, 552 (6th Cir.2005); *Ritchie v. Williams,* 395 F.3d 283, 287–88 (6th Cir. 2005). This is known as the "complete preemption" exception to the well-pleaded complaint rule. *See Palkow,* 431 F.3d at 552; *see also Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 64–65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). It allows courts to recharacterize as federal copyright claims those state-law causes of action that are "equivalent to" copyright claims. *Ritchie,* 395 F.3d at 286.

¶ 17 To determine whether a state claim is "equivalent to" a copyright action, and thus preempted by federal law, some courts have adopted the "extra element" test: if the state claim requires an "extra element" beyond those required for relief under the Copyright Act, then it is not "equivalent to" a copyright action, and the state court may hear the claim. *Id.* at 287 n.3 (citing *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446 (6th Cir.2001)); *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 9 F.3d 823, 847 (10th Cir.1993) (adopting the "extra element" test); *Health Grades, Inc. v. Robert Wood Johnson Univ. Hosp. Inc.,* 634 F.Supp.2d 1226, 1245 (D.Colo.2009) (applying the extra element test to a breach of contract action). To distinguish the state action from a copyright infringement claim, however, the extra element must " 'change[ ] the nature of the action.' " *Stromback v. New Line Cinema,* 384 F.3d 283, 301 (6th Cir.2004) (quoting *Wrench,* 256 F.3d at 456). Thus, to avoid preemption, the state-law claim must require proof of an act other than the reproduction, performance, distribution, or display of a copyrighted work—acts which would give rise to an infringement claim under the Copyright Act. *See* 17 U.S.C. § 106 (2012); *see also Ehat v. Tanner,* 780 F.2d 876, 878 (10th Cir.1985) (state law claims for unfair competition and unjust enrichment were preempted by federal copyright law because they could be proved by the same evidence that establishes copyright infringement: reproduction of a literary work for a profit without the author's permission); *see also Gates Rubber Co.,* 9 F.3d at 847.

### C. Analysis

¶ 18 Long's complaint advanced four state-law causes of action: breach of contract, breach of fiduciary duties, civil theft, and a request for an accounting. The district court determined that these claims were "primarily for damages based upon royalties or potential royalties attributable to the copyrights allegedly included in the License." Therefore, the court concluded, the complaint arose under federal copyright law and was within the exclusive jurisdiction of the federal courts. This was error.

### 1. Breach of Contract Claim

¶ 19 Long's breach of contract claim is not preempted because it satisfies the

"extra element" test. To recover on his breach of contract action, Long would have to prove (1) the existence of a contract; (2) that he performed his duties under the contract (or that he was justified in failing to do so); (3) that Cordain failed to perform the contract; and (4) resulting damages. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo.1992). To establish copyright infringement, a copyright owner must show that the alleged infringer reproduced, copied, distributed, publicly performed, displayed, or made derivative works based on a copyrighted work without the owner's authorization. *See* 17 U.S.C. § 106. Because Long's claim requires proof of acts different from those required to establish a copyright infringement action, it contains an extra element that distinguishes it from a claim arising under copyright law.

■ ¶ 20 However, "[a] breach of contract action, while including the 'extra element' of a contract, can nonetheless 'control nothing other than the reproduction, adaptation, public distribution, etc. of works within the subject matter of copyright.'" *Health Grades, Inc.*, 634 F.Supp.2d at 1245 (quoting 1 Melvin B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B][1][a][iii], at 1–20 (2008)). A promise only to refrain from infringing upon a copyright is generally preempted. *Id.* Only an extra element that changes the nature of the action from one arising under copyright law to one arising under state law will suffice to preclude preemption. *Id.*

¶ 21 Here, Long's breach of contract claim is not preempted because it did not merely allege that Cordain breached a promise to not infringe on Long's copyrights. The complaint alleged that Cordain violated the LLC Agreement. That agreement covered all aspects of PDE's business, not merely the right to use Cordain's copyrighted works. And, in Long's complaint, he alleged that Cordain breached the contract not merely by infringing upon PDE's copyrights, but by "engaging in self-dealing and distributing assets in kind to himself, not acting in good faith and fair dealing, [and] failing and refusing to provide [Long] with full and proper access to the Company's business and financial records."

¶ 22 Moreover, that Long's complaint concerned a copyright license did not deprive the district court of jurisdiction to hear the case. Courts have consistently held that a license granting the right to use copyright-protected works is a contract governed by state law. *See, e.g., Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262, 99 S.Ct. 1096, 59 L.Ed.2d 296 (1979) ("Commercial agreements traditionally are the domain of state law. State law is not displaced merely because the contract relates to intellectual property."); *Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*, 661 F.2d 479, 483 (5th Cir. 1981) (courts should apply state law when interpreting contracts, even where the subject matter of the contract is a copyright); *Bartsch v. Metro–Goldwyn–Mayer, Inc.*, 391 F.2d 150, 153 (2d Cir.1968) (applying state law to a contract dispute involving the assignment of rights granted under federal copyright law). Contrary to the district court's conclusion, the validity, duration, and scope of the license at issue here are all questions of state contract law and are within the subject matter jurisdiction of state courts. *See Knickerbocker Toy Co., Inc.*, 467 F.2d at 509.

¶ 23 Judge Friendly's opinion in *T.B. Harms Co.*—which the parties agree states applicable jurisdictional principles—supports this conclusion. The *T.B. Harms Co.* decision explains that a breach of contract claim "arises under" the Copyright Act only if it (1) seeks a remedy expressly granted by the Copyright Act or (2) asserts a claim requiring construction of the Act. *Bassett*, 204 F.3d at 349 (quoting *T.B. Harms Co.*, 339 F.2d at 828). Long's claim does neither.

¶ 24 Long's complaint seeks breach of contract damages. To the extent some of those damages would come from copyright royalties Cordain received from exploiting works he allegedly licensed to PDE, the interest he claims in those royalties is purely contractual. Nothing about his complaint suggests that Long is statutorily entitled to royalties under the Copyright Act.

¶ 25 Additionally, Long's claim does not require construction of the Copyright Act. The district court can determine whether Cordain breached his contract with Long—

and, if so, what remedy is due to Long—without interpreting any provision of the Act. Therefore, Long's breach of contract claim did not arise under federal copyright law, and the district court erred by dismissing it.

### 2. Breach of Fiduciary Duties Claim

¶ 26 Long's derivative claim against Cordain, brought on behalf of PDE, was also incorrectly dismissed.[1] Long alleged that Cordain breached the fiduciary duties of good faith and loyalty that each member of an LLC owes to every other member by, among other things, "engaging in self-dealing and appropriating the Company's business opportunities by conducting speaking arrangements, publishing books and taking other action for his own benefit." This, too, is a state-law cause of action over which the district court had subject matter jurisdiction. *See* § 7–80–404, C.R.S.2014 (detailing the duties that members of a limited liability company owe to the limited liability company); § 7–107–402, C.R.S.2014; C.R.C.P. 23.1. Applying the extra element test, we conclude that this claim did not arise under copyright law. *See Gates Rubber Co.,* 9 F.3d at 847.

¶ 27 To succeed in a derivative action for breach of fiduciary duty, Long would have to prove, among other things, that Cordain breached a fiduciary duty he owed to PDE. *See, e.g., Van Schaack Holdings, Ltd. v. Van Schaack,* 867 P.2d 892, 899–900 (Colo.1994); *River Mgmt. Corp. v. Lodge Props. Inc.,* 829 P.2d 398, 402 (Colo.App.1991); *Thorne v. Bauder,* 981 P.2d 662, 662 (Colo.App.1998). Proof of such breach is an extra element sufficient to change the nature of the action. *See Wrench,* 256 F.3d at 456. Therefore, Long's breach of fiduciary duty claim is a state-law cause of action over which the district court had jurisdiction. *See Gates Rubber Co.,* 9 F.3d at 847.

### 3. Civil Theft Claim

¶ 28 The district court also had subject matter jurisdiction to hear Long's derivative claim for civil theft. Long claimed that Cordain stole the company's assets, including "newsletters, programs, DVDs, audios, vid-

eos, manuals," and the company's intellectual property rights. Though a portion of this claim implicated copyrights, the claim as a whole satisfies the extra element test because it requires proof of "theft, robbery, or burglary" of tangible and intellectual property, an element which makes the claim fundamentally different from a copyright claim. § 18–4–405, C.R.S.2014.

¶ 29 Again, *T.B. Harms Co.* supports this conclusion. *See* 339 F.2d at 828. As the *T.B. Harms Co.* court explained, "[t]he general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough" to invoke federal jurisdiction. *T.B. Harms Co.,* 339 F.2d at 828. *But see Steward Software Co., LLC v. Kopcho,* 266 P.3d 1085, 1088 n. 4 (Colo.2011) ("We express no opinion on whether a person could commit civil theft of a copyright under Colorado law."). Therefore, the district court has jurisdiction to hear Long's civil theft claim.

### 4. Action for an Accounting

¶ 30 Finally, the district court erred by dismissing Long's request for an accounting. Under section 7–80–408(1), C.R.S.2014, members of a limited liability company have a right "to inspect and copy . . . records of the limited liability company from time to time upon reasonable demand for any purpose reasonably related to the member's interest as a member of the limited liability company." Long's demand for an accounting was entirely unrelated to federal copyright law. Indeed, it did not require the district court to make any determinations involving federal law. Therefore, it did not arise under federal copyright law, and should not have been dismissed.

### IV. Attorney Fees Appeal

¶ 31 Cordain contends that district court erred when it denied his request for attorney fees. He argues that he is entitled to attorney fees and costs incurred in defending this action pursuant to sections 13–16–113 and 13–17–201, C.R.S.2014, which require the dis-

---

1. We assume, without deciding, that Long properly brought this claim on PDE's behalf. We express no opinion about the merits of this claim or of Long's other claims.

trict court to award attorney fees in all tort actions which are "dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure." Because we now reverse the dismissal of this action, neither section 13–16–113 nor section 13–17–203 is applicable here. Therefore, we vacate the district court's order concerning attorney fees.

## V. Conclusion

¶ 32 The order dismissing the action is reversed, and the case is remanded for further proceedings consistent with this opinion. The order concerning attorney fees is vacated. On remand, the district court may, in its discretion, request additional briefing concerning the status of Long's action in federal court. If appropriate, the district court may exercise its discretion to order a stay of the proceedings pending resolution of that action. *See In re Application for Water Rights of U.S.,* 101 P.3d 1072, 1080–81 (Colo.2004); *In re Marriage of Fleet,* 701 P.2d 1245, 1247 (Colo.App.1985).

Bernard and Nieto *, JJ., concur