The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
May 27, 2021

**2021COA72**

**No. 19CA1712, *Zook v. El Paso Cnty* — Employment Law — Pensions — Survivor Benefits; Jurisdiction of Courts — Subject Matter Jurisdiction — Ripeness**

A division of the court of appeals holds, as a matter of first impression, that a spouse who is a contingent beneficiary of survivor benefits from the other spouse's pension plan cannot pursue breach of contract claims alleging miscalculation of benefits while the retiree-spouse is still alive.  Because such claims are not ripe, the division concludes that the district court lacked jurisdiction to grant summary judgment against the spouse and in favor of the employer.

Court of Appeals No. 19CA1712
El Paso County District Court No. 18CV33150
Honorable Timothy Schutz, Judge

Rita M. Zook,

Plaintiff-Appellant,

v.

El Paso County, Colorado; and El Paso County Board of Commissioners,

Defendants-Appellees.

JUDGMENT VACATED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE TOW
Dailey and Berger, JJ., concur

Announced May 27, 2021

David H. Zook, Colorado Springs, Colorado, for Plaintiff-Appellant

Diana K. May, County Attorney, Steven Klaffky, Senior Assistant County
Attorney, Mary Ritchie, Assistant County Attorney, Colorado Springs, Colorado,
for Defendants-Appellees

¶ 1    This appeal presents a question not yet answered by a Colorado appellate court: Can a spouse who is a contingent beneficiary of survivor benefits from the other spouse's pension plan pursue breach of contract claims alleging miscalculation of benefits while the retiree-spouse is still alive?  We answer that question in the negative.  As a result, we hold that the claims asserted by plaintiff, Rita M. Zook (Rita),[1] against El Paso County (County) and the El Paso County Board of Commissioners (Board of Commissioners) were not ripe, and thus the district court lacked jurisdiction to enter summary judgment against Rita.  Accordingly, we vacate the district court's judgment and remand with directions to dismiss for lack of subject matter jurisdiction.

## I.    Background

¶ 2    This case arises from a dispute over the calculation and payment of retirement benefits.  Daniel Zook (Daniel) was employed by the County for over twenty-five years.  As part of his employment, Daniel was enrolled in the El Paso County Retirement

---

[1] Because two of the parties involved in this case share the same last name, we will refer to them by their first names.  We mean no disrespect in doing so.

Plan (Plan). Daniel receives monthly payments from the Plan, and his wife, Rita, asserts that she is an intended third-party beneficiary of the Plan because she will receive survivor benefits if she outlives Daniel.

¶ 3     Daniel has brought four lawsuits against the Plan and the El Paso County Retirement Board (Retirement Board), all based on allegations that his monthly distributions are less than what he is owed. In the first three lawsuits, the district court granted summary judgment in favor of the defendants, ruling that Daniel's claims were barred by either the statute of limitations or the doctrine of claim preclusion. Daniel appealed the district court's orders in every case, and each time, a division of this court affirmed the district court's ruling. *See Zook v. El Paso Cnty. Ret. Plan*, (Colo. App. No. 09CA1686, Nov. 24, 2010) (not published pursuant to C.A.R. 35(f)); *Zook v. El Paso Cnty. Ret. Plan*, (Colo. App. No. 12CA0573, May 16, 2013) (not published pursuant to C.A.R. 35(f)); *Zook v. El Paso Cnty. Ret. Plan*, (Colo. App. No. 16CA1624, Feb. 1, 2018) (not published pursuant to C.A.R. 35(e)). The Colorado Supreme Court denied his petition for certiorari in all three cases.

¶ 4       This appeal stems from Daniel's fourth suit, in which Rita joined Daniel as a plaintiff. Rita and Daniel sued the County and the Board of Commissioners, as well as the Plan and the Retirement Board. Both Rita and Daniel brought claims of breach of contract based on the argument that Daniel's monthly benefits are being miscalculated. The Plan and the Retirement Board filed a motion for summary judgment, arguing that Rita's and Daniel's claims are barred by the statute of limitations and the doctrine of claim preclusion. The district court agreed and granted their motion. The County and the Board of Commissioners filed a motion to dismiss, also on the grounds that the claims are barred by the statute of limitations and claim preclusion. The district court treated that motion as a motion for summary judgment and ruled in favor of the County and the Board of Commissioners, concluding that Rita's and Daniel's claims are barred by the statute of limitations.

¶ 5　　Rita now appeals.[2]  She argues that the district court erroneously granted summary judgment in favor of the County and the Board of Commissioners.  Although the issue of subject matter jurisdiction was not raised below, we conclude that Rita's claims are premature and thus precluded by the doctrine of ripeness.[3]

## II.　Rita's Claims Are Not Ripe

### A.　Applicable Law

¶ 6　　We consider de novo whether an issue is ripe for review. *Youngs v. Indus. Claim Appeals Off.*, 2012 COA 85M, ¶ 16.

¶ 7　　Ripeness implicates subject matter jurisdiction.  *DiCocco v. Nat'l Gen. Ins. Co.,* 140 P.3d 314, 316 (Colo. App. 2006) ("A court lacks subject matter jurisdiction to decide an issue that is not ripe for adjudication.").  A court may not decide cases over which it does not have subject matter jurisdiction.  *Long v. Cordain*, 2014 COA 177, ¶ 10.  "Subject matter jurisdiction cannot be conferred by

---

[2] Daniel does not appeal.  Additionally, Rita does not appeal the district court's judgment pertaining to the Plan and the Retirement Board.

[3] Prior to oral argument, we ordered the parties to submit supplemental briefs on the question of whether Rita's claims were ripe when filed in the district court or are ripe now.

4

waiver or consent of the parties; lack of subject matter jurisdiction requires dismissal." *Id.* The plaintiff bears the burden of establishing jurisdiction. *Id.*; *DiCocco,* 140 P.3d at 316.

¶ 8 Whether the district court had subject matter jurisdiction is an issue that can be raised at any time in a proceeding. *People v. Sandoval,* 2016 COA 57, ¶ 47. We may raise and resolve it on our own motion. *Archuleta v. Gomez,* 140 P.3d 281, 283-84 (Colo. App. 2006).

¶ 9 Ripeness tests whether an issue is real, immediate, and fit for adjudication. *Olivas-Soto v. Indus. Claim Appeals Off.,* 143 P.3d 1178, 1180 (Colo. App. 2006). We should "refuse to consider uncertain or contingent future matters that suppose a speculative injury that may never occur." *Bd. of Dirs., Metro Wastewater Reclamation Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 105 P.3d 653, 656 (Colo. 2005); *see also Robertson v. Westminster Mall Co.,* 43 P.3d 622, 628 (Colo. App. 2001) ("A court has no jurisdiction . . . to decide a case on a speculative, hypothetical, or contingent set of facts.").

B. Analysis

¶ 10    The Plan is Daniel's retirement plan and he alone receives the monthly benefits from it.  Rita asserts that she is an "intended third party beneficiary" of the Plan, as she is "entitled to the identical continuing benefit upon Daniel's death."  Because Daniel is still alive, Rita does not currently receive — and is not contractually entitled to receive — any benefits directly from the Plan.  Indeed, at this time, she has no right whatsoever to distributions from the Plan — her benefits are "potential" and "contingent" upon Daniel's death preceding hers.  As Rita herself wrote in an affidavit submitted to the district court, she is not a current beneficiary of the Plan; rather she is merely "the beneficiary of Daniel's retirement benefit should he predecease me."

¶ 11    A court cannot adjudicate an uncertain or contingent future claim.  *Metro Wastewater Reclamation Dist.*, 105 P.3d at 656.  That is precisely what Rita's claim is.  Even if Rita were to prevail on her claims, she would not be entitled to anything.  She does not currently receive benefits from the Plan.  In fact, should she predecease Daniel, she would never receive any such benefits.

¶ 12    We are not persuaded by Rita's reliance on her characterization of Daniel's benefit as marital property under

section 14-10-113(3), C.R.S. 2020.  The statutory definition of marital property applies *only* in the context of a dissolution of marriage.  *See* § 14-10-113(2) (providing that the definition of marital property set forth in that provision is "[f]or purposes of this article only").  In other words, that pension benefits may qualify as marital property for purposes of a dissolution of marriage does not give one spouse the ability to enforce the other spouse's claim related to them, any more than it would give one spouse the right to pursue a wage claim, wrongful discharge claim, or personal injury claim on the other spouse's behalf — or give others the right to sue one spouse personally to recover on a debt that is (for all purposes other than dividing marital assets and debts upon dissolution of the marriage) solely the other spouse's.  Indeed, if Daniel had not named Rita as a beneficiary of a survivor benefit under the Plan, she would never have a claim against the Plan, regardless of the fact that Daniel's benefit would still be marital property.

¶ 13     To the extent Rita's argument is based not on the statutory definition of marital property, but instead on the fact that she is a part of a domestic unit that is economically dependent on the pension payments, we are still unconvinced.  The mere fact that

7

Rita, through her husband and through their marital estate, enjoys the fruits of the retirement benefit does not give her standing to challenge the Plan's calculation of the retirement benefit. Again, were Rita to be afforded standing solely because of her interest in Daniel's income as a member of his household, she could then claim standing to assert any claim he might have that would ultimately inure to the benefit of the household. We are aware of no case — and Rita cites none — in which such an indirect benefit was sufficient to confer standing.[4]

¶ 14 Rather, any standing she may have would flow from her alleged status as a contingent beneficiary as a result of Daniel contracting for a survivor benefit. *See Peterson v. Fire & Police Pension Ass'n*, 759 P.2d 720, 723 (Colo. 1988) (holding that surviving spouses of police officers who died while still employed by

---

[4] Indeed, we have not located a single case anywhere in the country in which a spouse designated to receive survivor benefits from a pension was permitted — or even attempted — to sue the employee-spouse's employer or the pension plan for breach of contract before the employee-spouse died.

the city had standing as third-party beneficiaries to the pension contract).[5]

¶ 15     But even if we assume she has such standing, ripeness is a separate, though related, doctrine.  And the contingent nature of her benefit means that she does not yet have a right to any funds. Rita is not entitled in her own right to any payment from the Plan unless and until she survives Daniel.  At this time, any injury to Rita is uncertain and speculative, not real and immediate.  We therefore conclude that Rita's claims are not ripe for adjudication and were not ripe when they were filed.

¶ 16     The County agrees that the issue is not ripe, yet it argues that we may nevertheless affirm the grant of summary judgment, forever barring Rita from pursuing her claims.  In essence, the County argues that Rita's claims were both too early and too late.  We reject this paradoxical argument.

¶ 17     The County's reliance on *Smith v. Executive Custom Homes, Inc.*, 230 P.3d 1186 (Colo. 2010), is misplaced.  In *Smith*, the

---

[5] In light of our determination that Rita's claims are not ripe, we need not, and do not, decide whether Rita actually is a contingent beneficiary or whether she has standing.

9

plaintiffs brought a claim against a homebuilder for personal injuries alleged to have been caused by a construction defect in the home. *Id.* at 1188. The district court concluded that the claim was untimely under the two-year statute of limitations established in the Construction Defect Action Reform Act (CDARA), section 13-80-104(1)(a), C.R.S. 2020. *Smith*, 230 P.3d at 1188. On appeal, the plaintiffs argued that their claims did not accrue until they suffered an injury, not when the construction defect was discovered, and to hold otherwise could result in claims being time barred before any injury occurred. *Id.* at 1190.

¶ 18    The supreme court disagreed, holding that the plain language of CDARA provides that "a claim for personal injury arises not at the time of injury, but 'at the time the claimant . . . discovers or in the exercise of reasonable diligence should have discovered the physical manifestations of a defect in the improvement which ultimately causes the injury.'" *Id.* at 1188 (quoting § 13-80-104(1)(b)(I)). Rejecting the plaintiffs' argument that this interpretation "produces an absurd and unfair result by encouraging homeowners to file unripe lawsuits because they will be forced to file suit before the injury happens," *id.* at 1190, the

supreme court observed that "incentivizing homeowners to resolve construction defect issues at the time the defect is first noticed rather than waiting until the defect later causes an injury directly serves the purpose of streamlining litigation that underlies the CDARA." *Id.*

¶ 19    *Smith* is inapposite to this case because it did not involve unripe claims. The plaintiffs *had* suffered an injury (in the sense that their home had an actionable defect) as of the moment they discovered the defect. The fact that the defect later caused an additional actionable injury — this one a physical injury — did not change the fact that their claim had already accrued. Perhaps more importantly, unlike in the CDARA, the legislature has not statutorily defined when a cause of action accrues in the context of a contingent beneficiary's claims against a pension plan.

¶ 20    Unlike the plaintiffs in *Smith*, Rita has suffered no actionable injury at this time. Thus, contrary to the County's contention, Rita's unripe claims cannot yet be time barred because they have not yet accrued. A cause of action is commonly understood to accrue "when a suit may be maintained thereon." *Jones v. Cox*, 828 P.2d 218, 224 (Colo. 1992) (citing Black's Law Dictionary 19 (5th

ed. 1979)); *see also Balt. Gas & Elec. Co. v. Interstate Com. Comm'n,* 672 F.2d 146, 149 (D.C. Cir. 1982) (noting that time limitations "can run only against challenges ripe for review").

¶ 21    Because Rita's claims had not accrued when she filed her complaint, the district court lacked subject matter jurisdiction to entertain these unripe claims.  Consequently, it could not resolve the claims by entering summary judgment, and that judgment must be vacated.

### III.    Conclusion

¶ 22    The judgment is vacated.  The matter is remanded to the district court with instructions to dismiss the action for lack of subject matter jurisdiction.

JUDGE DAILEY and JUDGE BERGER concur.