22CA1376 Peo v Pressler 11-07-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA1376
Garfield County District Court No. 12CR240
Honorable Denise K. Lynch, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Erin Pressler,

Defendant-Appellant.

ORDER AFFIRMED IN PART AND APPEAL DISMISSED IN PART

Division V
Opinion by JUDGE GROVE
Lum and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 7, 2024

Philip J. Weiser, Attorney General, Patrick A. Withers, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Krista A. Schelhaas, Alternate Defense Counsel, Littleton, Colorado, for
Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Erin Pressler, appeals the postconviction court's order denying her Crim. P. 35(c) motion alleging that she received ineffective assistance of counsel at trial.  Pressler also contests the postconviction court's partial denial of her challenge to an order requiring her to pay restitution.  We affirm the portion of the order that denied Pressler's ineffective assistance claim but dismiss the portion of Pressler's appeal that concerns restitution because that question is not ripe for appellate review.

## I.     Background

¶ 2     Pressler was a part-time bookkeeper for a small business, Designer Door Hardware (DDH).  She left that job and then, after the termination of her employment, entered the DDH offices without permission and deleted the business's accounting software.  Once the software had been restored, DDH's new bookkeeper found debit card purchases and checks written from the company's account to accounts owned by Pressler and her husband.  Further investigation revealed that, while she worked for DDH, Pressler was also collecting Social Security disability benefits, and was reporting her DDH salary as part of her husband's income rather than her own.

¶ 3     After a jury trial, Pressler was found guilty of one count each of theft from DDH and the Social Security Administration (SSA), four counts of filing a false tax return, and one count of computer crime. The trial court sentenced Pressler to an aggregate sentence of four years in the custody of the Department of Corrections and ordered her to pay restitution to DDH, the SSA, and the Colorado Department of Revenue.

¶ 4     On direct appeal, a division of this court reversed Pressler's conviction and sentence for theft from DDH. *People v. Pressler*, (Colo. App. Nos. 16CA0647 & 16CA1172, May 2, 2019) (not published pursuant to C.A.R. 35(e)). The division also concluded that Pressler was entitled to retroactive application of the 2013 amendment to the theft statute and that the evidence presented at trial would only support a class 4 felony conviction. The division therefore remanded the case for resentencing. On remand, the prosecution dismissed the charge alleging that Pressler stole money from DDH and the trial court amended its restitution order to reflect the dismissal of that charge. The court also resentenced Pressler for class 4 felony theft.

¶ 5     Pressler then filed a timely motion for postconviction relief, asserting that she received ineffective assistance of counsel at trial. She also argued that the amended restitution order, which was issued after the conclusion of her direct appeal, created an illegal sentence because it was untimely under the holding of *People v Weeks*, 2021 CO 75. The postconviction court (1) found that trial counsel was not ineffective at trial; (2) found that trial counsel was ineffective at the restitution phase; and (3) rejected Pressler's claim that the restitution order was untimely and therefore illegal. Therefore, the postconviction court vacated the restitution order and ordered that a new hearing should be held to re-establish the appropriate amount.

¶ 6     However, Pressler appealed the order before the court could hold a new restitution hearing. While this appeal was pending, the People requested the postconviction court to hold another restitution hearing, but the court concluded that Pressler's appeal had deprived it of jurisdiction to do so. To date, no hearing has yet occurred nor has any restitution amount been set.

## II. Ineffective Assistance of Trial Counsel

¶ 7 Pressler contends that the postconviction court erroneously denied her claim that she received ineffective assistance of counsel at trial. We disagree.

### A. Applicable Law and Standard of Review

¶ 8 A defendant's right to effective assistance of counsel is guaranteed by the United States and Colorado Constitutions. U.S. Const. amend. VI, XIV; Colo. Const. art. II, § 16. To obtain relief on an ineffective assistance of counsel claim, a defendant must satisfy the two-pronged test adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*'s first prong, a defendant must first show the acts or omissions of counsel fell outside the range of professionally competent assistance. *People v. Rodriguez*, 914 P.2d 230, 294 (Colo. 1996). Under the second prong, a defendant must prove she suffered prejudice as a result of counsel's deficient performance. *Id.*

¶ 9 The postconviction court determines the weight and credibility to be given to the testimony of witnesses in a Crim. P. 35(c) hearing. *People v. Washington* 2014 COA 41, ¶ 17. When the evidence in the record supports the court's findings, we will not disturb those

findings on review. *Id.* But we review the court's conclusions of law de novo. *Id.* Those legal conclusions to which we do not defer include "the ultimate determinations on *Strickland*'s performance and prejudice prongs." *People v. Sifuentes*, 2017 COA 48M, ¶ 16; *see People v. Newmiller*, 2014 COA 84, ¶ 18.

## B.    Analysis

¶ 10    In her postconviction motion and at the hearing, Pressler claimed that her trial counsel (two attorneys from the Office of the Public Defender) were ineffective for several reasons, only one of which she pursues on appeal.[1] Specifically, she asserted that trial counsel's approach to the charges for filing false tax returns and for theft from the SSA — which focused in part on discrediting DDH's owner and in part on asserting that Pressler was kept off the books to protect the owner from workers' compensation liability in the event that Pressler injured herself on the job — was constitutionally deficient. She asserts that trial counsel should have instead pursued a strategy built on the theory that Pressler was not a DDH

---

[1] Any arguments that Pressler raised in her postconviction motion and at the hearing but does not assert on appeal are abandoned, and we do not address them further. *People v. Osorio,* 170 P.3d 796, 801 (Colo. App. 2007).

employee. (As the trial court explained in its order denying the postconviction motion, Pressler maintained that charges for theft from the SSA and for failing to file tax returns both depended on her status as an employee of DDH. We express no opinion as to whether this is true.)

¶ 11     The postconviction court rejected Pressler's claim because Pressler did not establish that "defense counsel's conduct in not pursuing a defense surrounding Defendant's employment status was deficient," or that pursuing such a defense "would have made a difference in the outcome of the convictions on the charges of filing false tax returns and the[ft from the] SSA." In other words, the court found that Pressler had not satisfied either prong of *Strickland*.

¶ 12     Although the postconviction court found that Pressler failed to establish either prong of the *Strickland* test, we need consider only whether trial counsel's performance was deficient. *See People v. Villanueva*, 2016 COA 70, ¶ 66 ("If a court determines that a defendant has failed to prove either prong of the *Strickland* analysis, it may deny an ineffective assistance claim without addressing the other prong.").

¶ 13     In determining whether counsel's performance was deficient, we evaluate the representation from counsel's perspective at the time of the representation, and we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003).

¶ 14     To prove deficient performance, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Davis v. People*, 871 P.2d 769, 772 (Colo. 1994) (citing *Strickland*, 466 U.S. at 689); *People v. Lopez*, 2015 COA 45, ¶ 59.  With regard to trial strategy, defense counsel has final authority to make strategic or tactical decisions, including "what strategy should be employed in the defense of the case." *Arko v. People*, 183 P.3d 555, 558 (Colo. 2008) (quoting *Steward v. People*, 498 P.2d 933, 934 (Colo. 1972)).  Our review of reasonable professional assistance and sound trial strategy must not be clouded by the effects of hindsight.  *Strickland*, 466 U.S. at 689.

¶ 15     To overcome the presumption of effective counsel, the defendant must show that counsel "made one or more errors that

were so flagrant that they more likely resulted from neglect or ignorance rather than from informed professional deliberation." *People v. Wardell*, 2020 COA 47, ¶ 29.  In applying this standard, courts have recognized that an attorney's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Strickland*, 466 U.S. at 690.

¶ 16    "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  *People v. Ray*, 2015 COA 92, ¶ 14 (quoting *Ardolino*, 69 P.3d at 76); *see also Strickland*, 466 U.S. at 690-91.  An investigation is reasonable if it "is sufficient to reveal potential defenses and the facts relevant to guilt."  *Newmiller*, ¶ 45 (citation omitted).

¶ 17    Pressler argues her trial counsel's performance fell below an objective standard of reasonableness because counsel failed to investigate and present a defense that Pressler was not a DDH employee.  Pressler contends she, her spouse, and others were key witnesses who could have attested to Pressler's employment status and that trial counsel ignored her request to investigate and pursue this angle of defense at trial.  Instead, trial counsel chose a theory

of defense that Pressler was paid through her husband so DDH's owner could avoid liability from a potential workers' compensation claim. Pressler argues that this theory failed to rebut necessary elements of the charges related to tax filings and theft from the SSA, and as a result should not be afforded any presumption of reasonability.

¶ 18    We do not know exactly why trial counsel pursued the trial strategy that they did because neither Pressler nor the prosecution called them as witnesses at the postconviction hearing.[2] Nonetheless, our examination of the record supports several plausible inferences. See People v. Luong, 2016 COA 13M, ¶ 20 ("[I]n applying the presumption that counsel's conduct was reasonable, courts are 'required not simply to give [the] attorneys the benefit of the doubt, but to affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did.'") (citation omitted).

---

[2] We note that because Pressler carried the burden of establishing ineffective assistance of counsel, *People v. Houser*, 2020 COA 128, ¶ 31, any gaps in the evidence that resulted from Pressler's decision not to call trial counsel as witnesses weigh against her claim.

¶ 19    First, trial counsel told the Presslers why they were not centering their defense around Mr. Pressler, who Pressler argues on appeal was the "most compelling postconviction witness."  Mr. Pressler testified at the hearing that trial counsel told him it was "probably best for [Mr. Pressler] not to testify" because he was at risk of being arrested if he appeared in court.  Mr. Pressler went on to explain that trial counsel told him that his arrest could lead to the Presslers' minor child being taken into child protective services.  Pressler herself testified similarly, explaining that trial counsel opted not to prepare Mr. Pressler to appear at trial because of "threats from the D.A."

¶ 20    Without Mr. Pressler, the remaining evidence relating to Pressler's employment status was flawed or nonexistent.  For example, Pressler did not testify in her own defense, but if she had, the court found, "it would likely have come to light that she never told any of the investigating officers that she was not an employee of [DDH] when she had the opportunity to do so."  And perhaps even more problematically, Pressler admitted in a recorded interview with a police investigator that she worked for DDH.  Moreover, while Pressler argues that testimony from other witnesses

at the postconviction hearing established her employment status, the postconviction court found this testimony unpersuasive.

¶ 21 Second, because Pressler faced more than just the SSA and tax charges, we cannot assess the reasonableness of counsel's strategy regarding those charges in isolation. To the contrary, the fact that Pressler was also charged with stealing a large amount of money from DDH meant that trial counsel had to employ an approach that could plausibly defend against that charge without undermining the rest of the defense's case. Counsel may have determined that focusing on Pressler's employment status was a technicality that would not aid the broader strategy of trying to cast doubt on the credibility and motivations of DDH's owner.

¶ 22 Given these possibilities, we are not persuaded by Pressler's argument that her counsel's trial strategy was manifestly unreasonable. Contrary to Pressler's arguments on appeal, a theory that DDH's owner paid Pressler through her husband to avoid a potential workers compensation claim could have negated the mens rea element for both charges. *See* § 18-4-401(1)(f), C.R.S. 2024 (providing that a person commits theft when she "[i]ntentionally misrepresents or withholds a material fact for

determining eligibility for a public benefit and does so for the purpose of obtaining or retaining public benefits for which the person is not eligible"); § 39-21-118(4), C.R.S. 2024 (providing that a person is guilty of a class 5 felony if she "willfully makes and subscribes any [tax] return, statement or other document, . . . which . . . she does not believe to be true and correct as to every material matter . . . "). The strategy that trial counsel employed had the potential to negate Pressler's mens rea by showing that she relied on the business acumen of DDH's owner in structuring her employment, and therefore that she never intentionally misled the SSA, misrepresented her circumstances, or willfully filed false tax returns.

¶ 23 In sum, the record supports the postconviction court's conclusion that trial counsel's decision not to pursue Pressler's preferred theory of defense was well within the range of professionally competent assistance. Pressler therefore failed to meet her burden under *Strickland*'s first prong, and we need not inquire into whether Pressler suffered prejudice as a result of counsel's strategic decisions.

### III. Restitution

¶ 24 Pressler also contends that the amended restitution order is illegal under the holding in *Weeks*. We decline to address the merits of this argument because it is not ripe for appellate review.

#### A. Standard of Review

¶ 25 Whether an issue is ripe for review is a legal question that we review de novo. *Youngs v. Indus. Claim Appeals Off.*, 2012 COA 85M, ¶ 16.

#### B. There is No Restitution Order to Appeal

¶ 26 "A court lacks subject matter jurisdiction to decide an issue that is not ripe for adjudication." *DiCocco v. Nat'l Gen. Ins. Co.*, 140 P.3d 314, 316 (Colo. App. 2006). "Ripeness tests whether an issue is real, immediate, and fit for adjudication." *Zook v. El Paso County*, 2021 COA 72, ¶ 9. And we generally "refuse to consider uncertain or contingent future matters that suppose speculative injury that may never occur." *Bd. of Dirs., Metro Wastewater Reclamation Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 105 P.3d 653, 656 (Colo. 2005).

¶ 27 Here, there is currently no restitution order to vacate. To put it another way, any injury Pressler suffers from relating to her 2020

13

amended restitution order is presently speculative. The postconviction court has already vacated Pressler's amended restitution and remanded it for a hearing to redetermine the amount of restitution owed. The outcome of this hearing is not certain. It is entirely possible that the parties may reach an agreement before it occurs, or the People could fail to meet their burden of proof. Either outcome would render inconsequential the postconviction court's application of *Weeks*.

¶ 28 As a result, because the restitution order that Pressler attempts to appeal has been vacated and Pressler only currently suffers from a speculative injury, this matter is not ripe for adjudication.

## IV. Disposition

¶ 29 We affirm the postconviction court's order denying Pressler's claim that she received ineffective assistance of counsel at trial. We dismiss that portion of Pressler's appeal that challenges the court's 2020 amended restitution order and the postconviction court's application of *Weeks* and order for a new restitution hearing.

JUDGE LUM and JUDGE BERNARD concur.

14